of the lands for her life, and at the same time intended to limit her enjoyment of the same to one-half of the rents and profits. It might well be asked if that was his intention, why give her the whole of the land?

We are of opinion that the plaintiffs are not entitled to recover of the defendant Chisman any of the profits and rents of lands accruing up to the time of the death of the widow.

The judgment of the Superior Court is

Reversed.

LETHA COMBS v. CHAS. W. COMBS.

(Filed 17 November, 1920.)

**Judgments—Motion to Set Aside—Divorce—Federal Statutes—Soldiers and Sailors Civil Relief Act.**

A judgment in favor of the wife, in an action for divorce against her husband on the ground of his adultery, summons served by publication, will not be set aside as in violation of the Federal Soldiers and Sailors Civil Rights Act, when it appears that the husband had separated himself from his wife, and joined the army without her knowledge thereof or as to where he was, and he has made his motion more than ninety days after his termination of service in the army, and does not make it to appear to the court, by specific averment, that he has a meritorious or legal defense.

MOTION to set aside a decree in a suit for divorce, heard by *McElroy, J.*, at May Term, 1920,. of GUILFORD. The motion was denied, and the defendant appealed.

*Cooke & Smith for defendant.*
*No counsel for plaintiff.*

BROWN, J. The judge found the following facts:

1. That the plaintiff above named and the defendant were duly married on 10 February, 1907.

2. That on 1 April, 1913, the defendant separated himself from the plaintiff and lived separate and apart from her until the time of the commencement of this action, during which time his whereabouts were unknown to the plaintiff.

3. That this action was commenced on 4 April, 1918, by summons duly issued, returnable at the May term of the Superior Court of Guilford County; that the sheriff of Guilford County returned said summons with the following endorsement: "The within defendant not to be found in Guilford County."

4. That upon affidavit duly made and filed, publication of notice of said summons was ordered, and publication duly made, as provided by law.

5. That on 10 April, 1918, the plaintiff duly filed her complaint, alleging as grounds for divorce that the said defendant, in the spring of 1913, committed fornication and adultery with a woman to her unknown in the city of Salisbury.

6. That said action came on for trial at the August Term, 1918, and all issues, including the issue as to adultery, having been found in favor of the plaintiff, a decree of absolute divorce from the bonds of matrimony was duly entered on said issues.

7. That afterwards, to wit, on 27 November, 1918, the plaintiff intermarried with one J. B. Poore, of which marriage there is no issue.

8. That at May Term, 1920, the defendant comes into court and moves to vacate said judgment for the reasons set forth in his written motion, which is supported by affidavit, said motion and affidavit being hereto attached and made a part of this finding of facts.

9. That the said defendant, upon separation from the plaintiff, enlisted in the United States Army on 29 April, 1913, and was in continuous service in said army from said date until discharged 14 January, 1919.

10. That at the time of the issuing of said summons in said action, and at the time of the trial of said cause said defendant was a soldier in the Army of the United States.

11. That at the trial of said cause at August Term, 1918, the said defendant was not in court either in person or by attorney, and had no knowledge of said action or said judgment.

12. That no affidavit was filed by said plaintiff in said action showing that the said defendant was in the military service of the United States, or that the defendant was not in the military service of the United States, or that the plaintiff was unable to ascertain whether or not the defendant was in the military service of the United States, nor was any order made by the court appointing an attorney for the said defendant in said action.

The basis of this motion is that the judgment rendered was in violation of the Soldiers and Sailors Civil Rights Act approved by Congress on 8 March, 1918. This act provides that: "In any action or proceeding commenced in any court, if there shall be a default of an appearance by the defendant, the plaintiff, before entering judgment, shall file in the court an affidavit setting forth facts showing that the defendant is not in military service. If unable to file such affidavit, plaintiff shall in lieu thereof file an affidavit setting forth either that the defendant is in the military service or that plaintiff is not able to determine whether

COMBS *v.* COMBS.

or not defendant is in such service. If an affidavit is not filed showing that the defendant is not in the military service, no judgment shall be entered without first securing an order of court directing such entry, and no such order shall be made if the defendant is in such service until after the court shall have appointed an attorney to represent defendant and protect his interest, and the court shall, on application, make such appointment. Unless it appears that the defendant is not in such service the court may require as a condition before judgment is entered that the plaintiff file a bond approved by the court, conditioned to indemnify the defendant, if in military service, against any loss or damage that he may suffer by reason of any judgment should the judgment be thereafter set aside in whole or in part. And the court may make such other and further order or enter such judgment as in its opinion may be necessary to protect the rights of the defendant under this act."

The act further provides: "If any judgment shall be rendered in any action or proceeding governed by this action against any person in military service during the period of such service or within thirty days thereafter, and it appears that such person was prejudiced by reason of his military service in making his defense thereto, such judgment may, upon application, made by such person or his legal representative, not later than ninety days after the termination of such service, be opened by the court rendering the same, and such defendant or his legal representative let in to defend, provided it is made to appear that the defendant has a meritorious or legal defense to the action, or some part thereof."

The above quotations are all taken from sec. 3078½ bb, U. S. Compiled Statutes, 1918.

It appears from the finding of fact that the defendant separated himself from his wife on 1 April, 1913, and has lived separate and apart from her ever since; that he enlisted in the U. S. Army 29 April, 1913, and was in continuous service until discharged on 14 January, 1919.

We are of opinion that the motion to set aside the judgment was properly denied.

First. The defendant failed to make his motion not later than 90 days after the termination of his service in the army.

Second. It is nowhere made to appear that the defendant has a meritorious or legal defense to the action. In his affidavit the defendant fails to set out that he has any defense to the cause of action, as stated in the complaint. While he declares that he has a good and meritorious defense to said action, he fails to set out what that defense is. The statute says that it must be made to appear that the defendant has a meritorious or legal defense. It is not left to the defendant to say that

his defense is meritorious or legal, but it must be made to appear so to the judge of the court, for that reason the defendant is required to set out the facts constituting his defense. *Stockton v. Gold Mining Co.,* 144 N. C., 595; *Norton v. McLaurin,* 125 N. C., 185.

In his affidavit the defendant does not deny that he was guilty of adultery, as alleged in the complaint. He is silent on that charge.

Affirmed.