## Rose *v.* Rose.

*(Knoxville,* September Term, 1940.)

Opinion filed December 18, 1940.

Goddard & Gamble, of Maryville, and R. L. Phillips, of Robbinsville, N. C., for complainant.

W. O. Lowe, of Knoxville, for defendant.

Mr. Chief Justice Green delivered the opinion of the Court.

From a decree sustaining defendant's plea in abatement the complainant has appealed to this court.

The bill sets out that the complainant, Ella Rose, was married to W. Matt Rose in the State of North Carolina in 1905 and that she has been a resident of that State ever since. That in July, 1925, the said Matt Rose came from North Carolina to Blount County, Tennessee, and filed a divorce bill against complainant in which he falsely and fraudulently alleged that he had been a resident of Blount County, Tennessee, .for more than two whole years prior to the date of the filing of the bill; that he further falsely and fraudulently alleged that complainant had been guilty of willful and malicious desertion without a reasonable cause for more than two years; and he prayed for an absolute divorce. Upon this bill publication was made for defendant and on October 20, 1925, a *pro confesso* decree was entered, based on said bill and publication, and on the same day a decree was entered in the circuit court of Blount County awarding to the said Matt Rose an absolute divorce from the complainant for the causes stated in his bill.

The complainant further alleges that her said husband had never become a resident of Tennessee, had all the while been a citizen and resident of the State of North Carolina, was a resident and citizen of North Carolina when his said divorce bill was filed and his decree obtained, and that accordingly said divorce decree so obtained against her was by a court without jurisdiction as well as fraudulent and void.

The bill goes on to say that about 1927 or 1928 the said Matt Rose moved to the State of Georgia where, according to plaintiff's information, he undertook to marry the defendant, Mary Lucy Rose, and that said Matt Rose died in Georgia in January or February, 1938.

The prayer of complainant's bill is that the divorce proceedings in the circuit court of Blount County by her husband be adjudged fraudulent and the decree therein rendered set aside. That defendant Mary Lucy Rose be brought before the court by publication and required to answer.

As heretofore stated, the defendant, Mary Lucy Rose, filed a plea in abatement, setting out that the complainant was a resident of the State of North Carolina, and that she (defendant) was a resident of the State of Georgia, as shown from the allegations of the bill, and challenging the jurisdiction of the court below to proceed against her (defendant) by publication and without any service of process.

Upon the facts appearing on complainant's bill, we think the chancellor properly sustained the plea aforesaid.

While there is some dissent, we think the weight of authority is that a decree of divorce may be set aside for want of jurisdiction or fraud, even though the party so obtaining such decree be dead, if property rights are involved. *Lawrence* v. *Nelson,* 113 Iowa, 277, 85 N. W., 84, 57 L. R. A., 583; *Wood* v. *Wood,* 136 Iowa, 128, 113 N. W., 492, 12 L. R. A. (N. S.), 891, 125 Am. St. Rep., 223; *Johnson* v. *Coleman,* 23 Wis., 452, 99 Am. Dec., 193; *Bomsta* v. *Johnson,* 38 Minn., 230, 36 N. W., 341; *Brown* v. *Grove,* 116 Ind., 84, 18 N. E., 387, 9 Am. St. Rep., 823. Other like cases are collected in notes, 57 L. R. A., 588;

1 L. R. A. (N. S.), 551; 44 L. R. A. (N. S.), 505; Ann. Cas., 1913B, 370.

There is nothing to the contrary in *Owen* v. *Sims*, 43 Tenn. (3 Cold.), 544. That was a proceedings under section 10460 of the Code giving nonresident defendants not served with process time to challenge a decree, against them obtained on publication. It was held that this statute was not applicable to decrees in divorce cases, which could only be reviewed on appeal. Code, Section 9039.

The power of a court of equity, however, in this State to set aside a divorce decree for fraud is well established. *Wills* v. *Wills*, 104 Tenn., 382, 58 S. W., 301.

If, therefore, the complainant's former husband, now deceased, had left property in Tennessee that the court could have reached, her bill could have been maintained. It does not appear, however, that decedent left any property in this State. On the contrary, it was stated at the bar that the only property right which was involved was in Georgia—workman's compensation, or something of the kind. Therefore, a decree made by this court against the defendant, with no personal service upon her or appearance by her, would be wholly without effect as respects this property right.

If the former husband of the complainant, W. Matt Rose, were alive, there is considerable authority for the conclusion that the court below might have entertained complainant's bill and brought him in by publication. This on the theory that the marriage statute is a *res* and the *res* having been submitted to the court in the divorce bill, some sort of *res* remains in the jurisdiction, and the court was authorized to deal with this *res*. Sustaining this view are *State* v. *District Court et al.*, 66 Mont., 496, 214 P., 85, 33 A. L. R., 464; *Everett* v. *Everett*, 22 App.

Div. 473, 47 N. Y. S., 994, and other cases relied on by complainant.

In the case before us, we see no *res* with which the court can deal. There is no property within the jurisdiction of the court and the marriage *status* has been dissolved by death. Such being the situation, no relief can be given to the complainant, defendant herein not being before the court.

The decree which complainant seeks would avail her nothing, in so far as we can see. It could not affect the defendant's rights to property in Georgia. *Pennoyer* v. *Neff*, 95 U. S., 714, 24 L. Ed., 565. The Georgia courts would not recognize it either under the Federal Constitution or by way of comity. *Haddock* v. *Haddock*, 201 U. S., 562, 26 S. Ct., 525, 50 L. Ed., 867, 5 Ann. Cas., 1; *Toncray* v. *Toncray*, 123 Tenn., 476, 131 S. W., 977, 34 L. R. A. (N. S.), 1106, Ann. Cas., 1912C, 284.

We concur in an expression of the Supreme Court of Iowa in a case like this that "The court will not, for the mere purpose of satisfying a sentiment, inquire which is the widow of the deceased. But where some property right hinges on the question, the past status of these parties may become the subject of judicial investigation." *Lawrence* v. *Nelson, supra.*

In *Moyer* v. *Koontz,* 103 Wis., 22, 79 N. W., 50, 51, 74 Am. St. Rep., 837, a case similar in its facts to that now under our consideration was presented. The court recognized that a decree of divorce fraudulently obtained by one deceased might be set aside by the aggrieved party where property rights were involved. Defendants in that case, however, not being before the court and no property of the deceased within the jurisdiction of the court, it was said:

"It seems clear, therefore, that we have no question

of status to act on here, so as to justify or empower our courts to reach their hands beyond the limits of the state, and seek, upon substituted service, to subject nonresidents to a decree, ostensibly to cure a record, the only purpose of which is to affect rights in property without this state. This would be in excess of the rights of the state. It is forbidden by the whole policy of our national government. It infringes that principle of the international law as it existed among the states in 1790, and is still maintained that the jurisdiction of a state does not extend beyond its boundaries, and, if carried into effect, would violate the fourteenth amendment of the constitution, which prohibits Wisconsin and all other states from enacting any law which shall deprive any person of life, liberty, or property without due process of law.

"Our statutes for service upon nonresidents are subject to the limitation that the cause of action therein required to exist must be one which affects property within this state or which affects the status of a resident. Such cause of action is not presented by the complaint in this case, and no jurisdiction to adjudicate thereon can be obtained against the respondents."

A like conclusion in a similar case was reached by the Supreme Court of Kansas in *Blair* v. *Blair,* 96 Kan., 757, 153 P., 544, the Kansas court going further, however, than we are disposed to follow in some of its expressions.

While the question of course is not presented on this plea in abatement, we could but note upon examination of complainant's bill that she offered no excuse for her delay in filing this suit. The bill disclosed that the decree of divorce assailed was rendered in October, 1925, and this bill was filed on February 21, 1939. The complainant does not disavow earlier knowledge of the divorce decree.

Under many of the decisions collected in the notes in the selected series reports heretofore cited, such unexplained laches, upon proper plea, would bar the action.

The decree of the chancellor must be affirmed.