## CAGLE *v.* CAGLE.

*(Nashville,* December Term, 1949.)

Opinion filed April 29, 1950.

J. R. MORRIS, of Waverly, and W. M. LEECH, of Charlotte, for appellant.

J. E. TUBB and MACK C. SIMPSON, both of Waverly, for appellee.

MR. JUSTICE PREWITT delivered the opinion of the Court.

Complainant, Mrs. Lula B. Cagle, filed an original bill in the Chancery Court of Humphreys County, Tennessee, in March 1949, against her former husband, Robert L. Cagle, seeking to have set aside a divorce decree entered in his favor in the Circuit Court of Houston County, Tennessee, at the March term 1944. By her bill complainant also seeks a divorce a *mensa et thoro*, and maintenance and support from defendant because of mistreatment and failure to provide for her. The Chancellor sustained defendant's demurrer filed to the bill and this appeal resulted.

In February 1943, Robert L. Cagle filed a bill for divorce against complainant, Mrs. Lula B. Cagle, in the Circuit Court of Houston County, Tennessee, and was

granted a divorce in March 1944, at which time complainant was a resident of the State of Michigan.

It is charged in the present bill that the divorce decree obtained by Robert L. Cagle in the Circuit Court of Houston County in 1944, was void on the ground that the decree was based upon an insufficient petition, that the defendant (complainant herein) was not before the court by service of process or publication, and that the court was without jurisdiction to hear the case.

It is further charged that at the November term 1946 of the Circuit Court of Houston County, a *nunc pro tunc* order was entered in said divorce proceeding, which order undertook to amend the original bill by making charges of mistreatment of the plaintiff (defendant herein) in said case, and by amending the prayer of the bill so as to pray for publication and an absolute divorce.

The bill in the instant cause attacks said *nunc pro tunc* order on the ground that it undertook to amend a void pleading and was not entered until more than two years after the final decree in the original case had been entered. A certified copy of the decree complained of is made a part of the bill and filed as exhibit "B" thereto. Said decree shows on its face that the defendant (complainant herein) in said divorce proceeding was before the court by publication, that a *pro confesso* judgment was rendered against her, and that proof was heard by the court.

With reference to the defendant's actions in obtaining said divorce decree, complainant's bill states that, "the defendant left his business, his place of residence and his domicile, knowing that the complainant, his wife, was temporarily in another state, and that her real home and domicile was in Humphreys County, and on

the 23rd day of February 1944, the defendant, Robert L. Cagle, went to Erin, in Houston County, Tennessee, filed a bill for divorce against his real wife, the complainant, pretending to make non-resident publication, but no copy of any publication was found in the record when investigation was finally made."

The bill further states that complainant "knew nothing of the proceedings in the Circuit Court for Houston County, Tennessee, until sometime in the early part of 1945, when she heard that her husband claimed to have secured a divorce in Houston County, and she wrote to the Clerk of the Court to learn if that were true."

The bill also stated that on August 19, 1946 complainant filed an original bill in the Chancery Court of Humphreys County, Tennessee, against the defendant, in which she sought to obtain a divorce from bed and board, to reach certain property, and to have the decree in the Houston County case set aside, but that she subsequently entered a voluntary nonsuit in said proceeding.

The present bill was not filed until March 21, 1949, seeking to set aside the divorce decree in the Circuit Court of Houston County, entered March 30, 1944, on the ground that said court had no jurisdiction therein. As before stated, the decree in the Houston County case shows that the defendant (complainant herein) was before the court by publication.

The Chancellor held that while the alleged errors and irregularities in the Houston County case in 1944 might have been possible grounds for a reversal of the divorce decree in that court, in a proper proceeding for such purpose, said decree could not be successfully attacked in a proceeding of this kind and at this late date. We agree with the Chancellor's conclusions.

Defendant's demurrer directed at said attempt to attack the validity of the divorce proceeding in the Circuit Court of Houston County, was good and was properly sustained under our authorities. *Haley* v. *Doochin,* 186 Tenn. 137, 208 S. W. (2d) 756; *Page* v. *Turcott,* 179 Tenn. 491, 167 S. W. (2d) 350; *Greenlaw* v. *Kernahan,* 36 Tenn. 371.

In addition to the foregoing authorities, it is well settled that the only mode of reviewing errors in divorce cases is by appeal. Williams' Code, Section 9039.

The exhibits to the bill pertaining to the divorce suit in the Circuit Court of Houston County, show that said court had jurisdiction of the divorce action. That court had jurisdiction of the subject matter and also of the parties, as shown by the exhibits to the bill.

No fraud is charged against defendant on this appeal in said divorce action. Furthermore, complainant shows a lack of diligence in bringing the present suit. According to her bill, complainant learned of the divorce suit in the Houston County case in the early part of 1945, but did nothing about the matter until she filed her bill on August 19, 1946, more than two years after the decree was entered in said suit. She voluntarily dismissed her bill filed on August 19, 1946.

The present suit was not filed until March 21, 1949, almost five years after the litigation in the divorce decree here challenged. No good cause is shown for complainant's delay in making her application to have said divorce decree set aside, although she had known of the existence of said decree for about four years before bringing this suit. This delay is unreasonable and constitutes laches. The courts cannot entertain suits of this kind, for often innocent persons would be

greatly prejudiced and injured because of the negligence and laches of one who, although knowing the facts, sits idly by and takes no action in the matter. *Rose* v. *Rose,* 176 Tenn. 680, 145 S. W. (2d) 773; *Owens* v. *Sims, Ex'r, et al.,* 43 Tenn. 544.

We find no error in the decree of the Chancellor sustaining the demurrer and it is affirmed.

All concur.