# PINKSTON v. PINKSTON.—237 S. W. (2d) 12.

Middle Section.   November 3, 1950.

Petition for Certiorari denied by Supreme Court, March 9, 1951.

Thos. O. H. Smith and E. C. Yokley, both of Nashville, for complainant.

Defendant not represented by counsel.

HOWELL, J. The bill in this case seeks to have set aside and declared null and void a decree of divorce granted to the defendant A. L. Pinkston in the Third Circuit Court of Davidson County, upon the theory that such decree was procured through fraud committed by the defendant upon the Court and the complainant in that the testimony of the defendant and his witnesses in the Circuit Court case was false.

No answer to the bill in this case was filed and a pro confesso was entered against the defendant.

The record discloses that the complainant was represented by counsel in the Circuit Court case and that upon a hearing on the merits, the parties and their counsel being present, the Circuit Judge granted the defendant an absolute divorce from the plaintiff upon his cross-bill. The transcript of the record in the Circuit Court is not before this Court.

Upon the hearing in the Chancery Court the Chancellor dismissed complainant's bill by the following decree:

"In this cause, after a careful consideration of the entire record, together with the record in the Circuit Court which has been exhibited in this cause, the Court

is forced to conclude that it is without jurisdiction to grant the relief prayed for in the bill.

"The pleadings in the Circuit Court, and particularly the answer and cross-bill of the defendant and cross-complainant in that Court, Albert L. Pinkston, show that the complainant therein was put on notice as to the charges of cruel and inhuman treatment on her part, which charges were set out in the cross-bill with considerable particularity as to said alleged acts and the time and place of their occurrence, as well as the nature thereof.

"The Circuit Court record, as well as the record in this Court, reveal that there was a trial before Hon. E. F. Langford, Judge of the Third Circuit Court, on the merits, wherein the parties and certain of their witnesses testified, and following which the Court found in favor of the cross-complainant, Albert L. Pinkston, awarding him a decree of divorce.

"After a motion for a new trial was filed, taken under advisement and subsequently overruled, a petition on behalf of complainant therein for a Writ of Error Corum Nobis was filed where substantially the same charges were set forth as to the failure of the Court to hear all of complainant's witnesses, and of conspiracy and intermeddling on the part of a certain Rev. Coleman and the daughter of defendant, as well as charges as to the falsity of certain testimony adduced by defendant and cross-complainant at said trial, as those contained in the petition of complainant in this Court.

"The record shows that said Writ of Error Corum Nobis was dismissed by the Circuit Judge who had tried the case.

"Complainant having failed to pursue her remedy of appeal from the judgment of the Circuit Court, is now

without remedy in this Court under the facts charged in her bill.

"It is, accordingly, ordered, adjudged and decreed by the Court that complainant's bill be, and the same hereby is dismissed at her cost for which execution may issue."

This decree was entered on April 28, 1949, in Minute Book 165 at page 212. Thereafter on, May 25, 1949, this decree was amended by adding a paragraph granting an appeal to this Court and allowing thirty days from the date of the decree in Book 165 at page 212 within which "to file her transcript, bill of exceptions, make bond or take the oath provided for poor persons and otherwise perfect her appeal." An appeal bond was filed on the same day, "May 25, 1949," although it appears not to have been, signed until "May 27, 1949." On May 27, 1949, an order was entered granting complainant thirty days from that date within which to file "transcript and bill of exceptions" and otherwise perfect her appeal. Another order was entered on June 27, 1949, extending the time for filing bill of exceptions thirty days from that date and again on July 26, 1949, by another order entered in Minute Book 166 at page 43, the complainant was allowed thirty days from that date, July 26, in which to file a bill of exceptions.

Nothing appears in the transcript from July 26, 1949, until on November 9, 1949, when complainant filed a petition in which she prayed among other things permission to withdraw her appeal to this Court and that the decree of April 29, 1949, entered in Minute Book 165 page 212, be set aside and she be granted a new trial. This petition was heard by the Chancellor on November 10, 1949, and the decree mentioned was set aside and

a new trial granted. A new trial was had by the complainant and on June 30, 1950, a decree was entered as follows:

"The Court having heretofore granted a new trial in this cause by order of November 10, 1949, entered in Minute Book 166, page 381, and the case having come on to be reheard on the entire record, together with testimony of petitioner and her witnesses heard in open court, argument of counsel, etc., the Court is of opinion that the decree heretofore entered April 28, 1949, in Minute Book 165, Page 212, is, in all things, correct and proper and that the facts stated therein as being found by the Court have not been substantially altered or changed by the evidence introduced at the last hearing.

"It Is, Therefore, Ordered, Adjudged And Decreed by the Court that complainant's bill be, and the same hereby is, dismissed at her cost, for which execution may issue.

"This the 30th day of June, 1950."

On July 19, 1950, an order was entered granting an appeal and allowing thirty days to perfect it. An appeal bond was filed on August 4, 1950 and bill of exceptions filed on August 2, 1950.

It does not appear that the defendant has entered any appearance in person or by counsel, either in the Chancery Court or in this Court, and we do not have the benefit of any briefs in his behalf.

The complainant appellant has filed assignments of error in which it is insisted that the Chancellor erred in denying the complainant the relief prayed in her bill.

Before considering the merits of the assignments of error, we are constrained to the conclusion that this case is not properly in this Court.

On April 28, 1949, the complainant's bill was dismissed by the Chancellor. On May 25, 1949, an appeal was granted and thirty days allowed from April 28, 1949 to perfect the appeal and on that day an appeal bond was filed. Other extensions of time were granted and no bill of exceptions was filed.

After the adjournment of that term of the Chancery Court of Davidson County and on November 9, 1949, a petition to rehear was filed and granted on November 10, 1949. The Chancellor was in error in granting the petition to rehear filed at the next term of the court. In the case of Shipley v. Barnett, 161 Tenn. page 437, 32 S. W. (2d) 1022, the Supreme Court after mentioning Chapter 65 of the Acts of 1885, and some other cases said:

"In each of these cases the point of decision was that the control of the trial courts over their final judgments and decrees end with the adjournment of the term; and in each case this court was dealing with an effort made by a trial court to set aside or alter a judgment entered as a preceding term. In dealing with that proposition, it would, perhaps, have been more accurate if the court had said that such power over a final judgment continues in a trial court until the end of the term, unless the term should extend longer than thirty days from the date of the judgment. But since the point under consideration was that in any event the power expired at the end of the term, this qualification of the language used was hardly necessary."

See also Mitchell v. Porter, 26 Tenn. App. 498, 173 S. W. (2d) 443.

Under Section 159 of the Code, the terms of the Chancery for Davidson County begin on the first Mondays of April and October of each year.

■ An examination of the record discloses that there is no merit in the assignments of error. There was a hearing of the divorce case in the Circuit Court upon the merits and a final decree entered. There was no appeal from this decree. The parties were properly before the Court, the plaintiff having filed a petition for divorce from bed and board and the defendant having filed an answer and a cross-bill in which he prayed for an absolute divorce. The hearing was before the trial Judge in the presence of the parties and their attorneys and no irregularity in the proceedings is pointed out. The record in that case is not before us. The complaint seems to be that the defendant's witnesses swore falsely. If this was true it should have been shown to the trial Judge by competent evidence. The fact that this was not done does not indicate that the defendant practiced any fraud upon the Court or the plaintiff.

The Chancellor correctly held that he was without jurisdiction to set aside the decree for fraud under the facts of this case.

The bill in this case seeks a review or a new trial of the divorce case on the facts which can only be done in a divorce case by appeal under Section 9039 of the Code. It is not a direct attack upon the decree for any fraud perpetrated upon the complainant as were the cases of Barbra v. Barbra, 170 Tenn. 559, 98 S. W. (2d) 89, and Rose v. Rose, 176 Tenn. 680, 145 S. W. (2d) 773, relied upon by appellant.

There is no merit in the assignments of error and they are overruled and the decree of the Chancellor is affirmed.

The complainant, appellant and her surety will pay the cost.

Hickerson, J., and Kizer, Sp. J., concur.