LUKE E. MARTIN

*v.*

ADA MAE MARTIN

(*Knoxville,* September Term, 1955.)

Opinion filed June 8, 1956.

BERNARD H. CANTOR, Johnson City, for appellant.

COX, EPPS, POWELL & WELLER, Johnson City, for appellee.

MR. JUSTICE PREWITT delivered the opinion of the Court.

The question presented in this appeal is whether or not a service man had a right under the Soldier's and Sailor's Civil Relief Act, 50 U.S.C.A.Appendix, sec. 520 (4) and/or Tenn. Code sec. 21-511 et seq., Code 1932, sec. 10460 et seq., to reopen a final decree of the Chancery Court declaring null and void a divorce decree obtained by him by fraud, after entry in the Armed Services, raising only a question of jurisdiction of the person; and whether or not the Chancery Court has jurisdiction on service of process by publication to set aside a fraudulent decree obtained in the lower court.

The divorce suit filed by the husband was in the law court of Johnson City, and the bill to set aside the divorce granted in the law court was filed in the Chancery Court at Johnson City.

The husband, Luke E. Martin, entered the military service in 1944. He and his wife Ada Mae were residents of Pennsylvania, and during 1951 he came to Tennessee, and obtained the divorce decree above mentioned. After securing the divorce decree on November 6, 1951, he continued to make payments of support money required by Pennsylvania courts, she having sued for maintenance in that State, until August, 1952. He was transferred beyond the jurisdiction of the United States when the appellee, Mrs. Martin, learned that the divorce decree was in existence. She filed a bill in the Chancery Court at Johnson City. Thereupon the court appointed an attorney to invoke the provisions of the Soldier's and Sailor's Civil Relief Act to stay the proceedings. On the trial of the chancery suit, the Chancellor entered a decree holding that the divorce decree entered in the law court void for fraud.

Thereupon Martin entered a special appearance in the Chancery Court questioning the right of the court to enter a decree setting aside the law court decree, when the chancery court had no jurisdiction to enter such a decree where he was brought in alone by publication.

We are of the opinion that Martin was not entitled to reopen the case under the provisions of the Soldier's and Sailor's Civil Relief Act for the reason that his petition did not show a meritorious, or legal, defense to the original suit. Title 50 U.S. C.A. Appendix, sec. 520 (4). See *Combs v. Combs,* 180 N.C. 381, 104 S.E. 656.

The power and jurisdiction of the chancery court to set aside decrees obtained by fraud, even in cases of divorce is well recognized. *Wills v. Wills,* 104 Tenn. 382, 58 S.W. 301; *Rose v. Rose,* 176 Tenn. 680, 145 S.W.2d 773.

■ In the present case Martin brought the marriage status into the State of Tennessee, and thereafter re-mained beyond the jurisdiction, so unless the State of Tennessee, had jurisdiction to correct the wrong, the appellee would be without remedy.

In *Rose v. Rose, supra,* a similar question was in-volved, but in that case the spouse committing the fraud was dead, and the court held that it had nothing to act upon. However, the court did use this language at page 683 of 176 Tenn., at page 774 of 145 S.W.2d:

"If the former husband of the complainant, W. Matt Rose, were alive, there is considerable authority for the conclusions that the court below might have en-tertained complainant's bill and brought him in by pub-lication. This on the theory that the marriage status is a res and the res having been submitted to the court in the divorce bill, some sort of res remains in the jurisdiction, and the court was authorized to deal with this res. Sustaining this view are *State* [ex rel. *Spar-renberger*] *v. District Court,* 66 Mont. 496, 214 p. 85, 33 A.L.R. 464; *Everett v. Everett,* 22 App. Div. 473, 47 N.Y.S. 994, and other cases relied on by complain-ant."

The reasoning of the Court in the case of *Everett v. Everett* cited above is applicable to the case here. In the Everett case the defendant appeared specially to vacate and set aside the order of publication in a suit brought by his wife to set aside an annulment decree obtained by the defendant husband.

The New York Court held that a judgment rendered in that State annulling a marriage is to be deemed a res within the jurisdiction to this extent.

We think this reasoning is sound. We are therefore of the opinion that the Chancery Court at Johnson City had jurisdiction to set aside the divorce decree, and that he properly did so. The decree of the Chancellor is affirmed.