## TOM HILL, Petitioner, v. LUELLA BARRON HILL, Respondent. —326 S. W. (2d) 851.

Western Section. December 31, 1958.

Certiorari Denied by Supreme Court April 8, 1959.

James D. Causey, William H. Williams, Memphis, for petitioner.

W. Robert Martin, Memphis, for respondent.

CARNEY, J. The Chancellor below dismissed the bill of Petitioner, Tom Hill, seeking to have set aside as fraudulent a divorce decree awarded to defendant, Luella Barron Hill, on January 10, 1955, in the Circuit Court of Shelby County, Tennessee.

Tom Hill has filed the record below in this Court and asks a review of the action of His Honor the Chancellor upon a writ of error.

The parties are Negroes: the petitioner is a minister.

A copy of the divorce decree sought to be held void is not in the record. However, from a copy of the original bill for divorce it does appear that the wife sought a

divorce on the grounds of cruel and inhuman treatment, abandonment and nonsupport.

In addition, she sought and was granted the full title to their home in Memphis, Tennessee, purchased by them as tenants by the entireties and the husband's interest was divested out of him and vested in the wife.

The original bill seeking to have the divorce decree set aside was filed by complainant, Tom Hill, on January 10, 1956. He alleged that the wife was guilty of fraud in procuring the divorce because she alleged that he was a nonresident and that his residence was unknown and could not be ascertained after diligent search and inquiry when as a fact she knew the whereabouts of the husband at the time of the filing of the bill.

From the original bill of Tom Hill we copy the following paragraph:

"Luella Barron Hill further alleged that she and Tom Hill were married at Clarksdale, Mississippi, on the 16th day of October, 1941, and that one child was born of this union, a son who is now grown. Your complainant would show that he and the defendant did go through a marriage ceremony at Clarksdale, Mississippi, but that at the time that they went through the ceremony, the defendant, Luella Barron Hill, knew that your complainant, Tom Hill, was legally and lawfully married to another woman and that he had not obtained a divorce and neither had Tom Hill's lawful wife. That at the time he and Luella Barron Hill went through said marriage ceremony that your complainant, Tom Hill, had a living, lawful wife."

The case was heard before the Chancellor on oral testimony and depositions. Both parties testified. The Chancellor decided in favor of the former wife and dismissed complainant's bill.

The complainant, Tom Hill, prayed and was granted an appeal. However, he failed to perfect his appeal and also failed to have his Bill of Exceptions authenticated by the Trial Court within the time required by law. The appeal was stricken by the Chancellor under the authority of T. C. A. Section 27-318 which is as follows:

"27-318. Dismissal for default of appellant.—In all cases where an appeal is granted to either of the appellant courts, upon condition that there be filed an appeal bond or in lieu thereof the pauper oath, and/or a bill of exceptions and such bond, oath or bill of exceptions is not filed within the time prescribed therefor nor within Ten (10) days after the expiration of such time, it shall be lawful for the trial court, upon five (5) days' notice to the appellant, to enter an order dismissing such appeal. But in cases where no bill of exceptions is filed within the time prescribed, this provision shall not apply, if, upon notice, counsel for the appellant shall file in such court a statement in writing to the effect that such appeal is not taken for purposes of delay and that he intends to file assignments of error directed at alleged reversible error contained in the technical record. In all cases where such a statement of counsel is filed as aforesaid, the same shall be included in, and made part of the transcript of the record upon appeal. The provisions hereof authorizing the dismissal of an appeal shall not apply where there appears a bona fide

controversy as to whether or not such appeal was duly perfected within the time prescribed, but in such cases jurisdiction to determine such question shall remain in the appellate courts as at present. All trial courts shall have chambers jurisdiction to hear and determine matters arising hereunder. (Acts 1945, ch. 22, sec. 1; C. Supp. 1950, sec. 9047.2 (Williams, sec. 9058.2).)

Complainant has filed the record for writ of error and the only evidence which this Court can consider is to be found in the technical record in the deposition of Rev. C. H. Harris, a witness for complainant, and in the Chancellor's Findings of Fact.

From the Chancellor's findings of fact we quote as follows:

"The Court: Well you gentlemen have a nice question of law involved in this case. The Court is convinced beyond any peradventure of doubt that as far as the defendant is concerned that when the defendant swore in her divorce petition that the residence of the defendant in that case,—that is the complainant in this case, was unknown and could not be ascertained upon diligent search and inquiry,—the Court is convinced that was not a true statement.

"She may not have known at that time that he was living with his brother, or exactly where he was living, but the Court can come to no conclusion except that she did not make diligent search and inquiry.

"Now we can proceed further from that. Her divorce decree was entered on January 10, 1955. Whereas this record does not affirmatively show what,

if anything, she swore in the Circuit Court with reference to the residence of the defendant in the Circuit Court case, it is quite clear that if the law was followed she should have sworn that the residence of the defendant was unknown to her and could not be ascertained upon diligent search and inquiry, and that would have been a false statement made in the Circuit Court.

"The next question insofar as the determination of this case is concerned is whether or not that renders the decree of the Circuit Court void.

* * * * * *

"Whereas the testimony in this case reflects no actual knowledge that Tom Hill knew that a specific case was pending in a specific court wherein a woman with whom he had undertaken to contract marriage was suing him for divorce, under the findings of this Court it does appear affirmatively that under date of September 8th, and again under date of September 10th, both letters written in the year 1954, the defendant in this case, Luella Hill, wrote to the complainant in this case, advising him of her intention to get a divorce; and it further appears, under the findings of this Court and the holding of this Court that under date of September 20, 1954, the complainant in this case and the defendant in the Circuit Court case wrote the defendants in this case and the complainant in the Circuit Court case advising her— and I quote the language of that letter: 'Yes, you can get your divorce. I will be home inside of 10 days'.

"Now the record does not reflect that he came back here within 10 days, but the record does reflect that

he returned to Memphis in the month of November, at which time there was a convention or convocation of the church in which he was interested and which was being held in Memphis, and the complainant in this case states that he was in Memphis for a period of time, which he fixes for approximately 15 out of the 20 days that the convention or convocation was being held.

"Though he had been advised that the woman with whom he had entered into a presumed contract of marriage had contemplated getting a divorce from him, it appears that he made no effort whatever to apprise himself of whether a divorce petition was pending or had been filed, or whether other proceedings were contemplated to be taken.

"It appears from the record before the Court that if he had taken advantage of the opportunities which were afforded him to investigate the matter, and since the petition was filed September 21, 1954, and I refer to the petition for divorce, and since he was here in November of 1954, he could have easily determined that the divorce suit was pending, if in fact he did not actually know it.

"Now court proceedings are not to be taken lightly, and courts can't be used for the convenience of parties who sleep upon their rights and then seek to come into court and set aside some court action that has thus been taken; the Court feels that it would be a travesty upon justice if this Court with the facts that it has before it could come to the conclusion that this man, with the knowledge that the Court has mentioned and to some extent detailed, could come into

this Court and have this Court set aside a solemn proceedings in a court of law, wherein property rights are established, and wherein personal rights are established.

"If that could be done in a case such as the Court has before it, it would equally be true so far as the jurisdiction of the Court is concerned of a case where one of the principal actors is dead.

"The Court feels that any holding based upon the facts which appear in this case would not and does not warrant the Court in setting aside the judgment and decree of a court of law, and to do so would reduce the law to somewhat of a travesty.

"The Court is unwilling to allow itself to be made a party in a matter of this kind.

"Accordingly, the bill will be dismissed, and the costs will be assessed against the complainant in this case, and a decree will be entered accordingly.

"Anything further, gentlemen?

"CEYLON B. FRAZER"

█ The power and jurisdiction of the Chancery Court to set aside decrees obtained by fraud, even in cases of divorce is well recognized. Martin v. Martin, 1956, 200 Tenn. 196, 292 S. W. (2d) 9; Sturdavant v. Sturdavant, 1944, 28 Tenn. App. 273, 189 S. W. (2d) 410.

However, in the present case, we think the original bill was properly dismissed for two reasons:

██ First, it affirmatively appears from the sworn statement of petitioner, Tom Hill, that the defendant

below, Luella Hill, was entitled to an absolute divorce from him under Subsection 2 of T. C. A. Section 36-801 to wit: "(2) That either party has knowingly entered into a second marriage, in violation of a previous marriage still subsisting." Moore v. Moore, 102 Tenn. 148, 52 S. W. 778. The former wife in her answer denied that she knew of the prior subsisting marriage; there is no bill of exceptions and the Chancellor made no finding whether she did or did not know of such prior marriage. Under such circumstances we must infer that the complainant did not prove that the defendant former wife did know of such former marriage.

Not only is there no showing that the complainant could have prevailed in the divorce suit if he had been properly and legally served with process but on the contrary his own bill in this cause shows on its face that he could not have prevailed.

 In the second place, the complainant has failed to show good cause for his failure to inquire about the divorce when he came to Memphis, Tennessee, in November, 1954, and also failed to show good cause for waiting a full year before filing suit to attack the decree. Kelley v. Kelley, 4 Tenn. Civ. App. 597; Rose v. Rose, 176 Tenn. 680, 145 S. W. (2d) 773.

The case of Brown v. Brown, 198 Tenn. 600, 281 S. W. (2d) 492, cited and relied upon by petitioner has been considered, and we are of the opinion that the facts are so different that the case is not controlling of the case at bar.

Likewise, we hold that the case of Terrell v. Terrell, 192 Tenn. 317, 241 S. W. (2d) 411, is not controlling of the case at bar because the record in this case does not

reveal that the Circuit Court awarded the husband's interest in the real estate to the wife as alimony as in the Terrell case.

In fact, a copy of the Circuit Court decree divesting and vesting title is not shown in this record but it does appear that in the present case there was an attachment whereas in the Terrell case there had been no attachment issued.

For the reasons stated, the assignments of error are respectfully overruled and the judgment of the Chancellor will be affirmed. The petitioner is taxed with the costs.

Decree accordingly.

Avery, P. J., (Western Section), and Bejach, J., concur.