LOUISE SCOTT GRAHAM, Appellant,

*v.*

MINNIE V. GRAHAM, Appellee.

352 S. W. 2d 445.

(*Knoxville,* September Term, 1961.)

Opinion filed December 8, 1961.

JAMES N. HARDIN, Greeneville, for appellant.

WILLIAM E. (BILL) BOWMAN, Greeneville, for appellee.

MR. JUSTICE WHITE delivered the opinion of the Court.

The Chancellor sustained the defendant's plea in abatement and the complainant has appealed to this Court.

The bill sets out that the complainant, Louise Scott Graham, and William E. Graham were married in Greene County, Tennessee, on February 24, 1924, where they resided together until 1933, at which time the husband left the place of their abode for the stated purpose of obtaining employment. He did not return and his wife heard nothing from him and did not know where he was living or what he was doing until the early part of the year 1959, at which time she learned through a neice of her husband that he had died in the State of California on June 7, 1958. The parties had no children. After receiving information that her said husband had died she secured a certified copy of his death certificate which set out the date of his death and also the fact that he left as his widow, the defendant Minnie V. Graham. Upon further investigation, the complainant learned that a divorce proceeding was instituted by the said William E. Graham against her in Las Vegas, Nevada, on November 18, 1955, and that a decree was entered on January 19, 1956, granting to the said William E. Graham a divorce from your complainant. The record in the divorce case revealed that the affidavit supporting the publication of notice of the commencement of the suit for divorce set out that the last known address of complainant, Louise Scott Graham, was Bristol, Tennessee, and that her whereabouts were unknown to the complainant.

It is averred in the bill that this was a false and fraudulent statement for the reason that the said William E. Graham knew that the complainant never lived at Bristol, Tennessee, at any time during her life and well

knew her address was Greeneville, Tennessee, where the parties had resided as husband and wife for a period of about 9 years.

The complainant further averred that she knew nothing of the divorce proceeding in Nevada until after the death of the said William E. Graham and for the reasons aforesaid, she avers that the divorce was fraudulently obtained and that the same is null and void and should be set aside and for nothing held. She contends in her bill that under the facts and circumstances of the case the Nevada Court never obtained jurisdiction and, therefore, did not have the right to grant the decree of divorce.

She further avers that she is the lawful widow of the said William E. Graham and as such should be entitled to administer upon his estate and to receive the widow's pension from the Veterans' Administration which is now being paid to the defendant as the alleged surviving widow, the said William E. Graham having been a veteran of World War I. There is no allegation in the bill to the effect that the said William E. Graham was not a bona fide resident of the State of Nevada at the time he secured his divorce. The complainant had not heard from or been in contact with her husband for at least 23 years immediately preceding the date he secured the divorce.

The averment in the bill is that the defendant Minnie V. Graham is a non-resident of the State of Tennessee and a resident of Los Angeles, California. Service of process on defendant was had by publication in the Greeneville Sun, a newspaper published in Greene County advising the defendant to appear in court on the first

Monday in September, 1959, and make defense to said bill or the allegations would be taken for confessed.

The record is silent as to how the defendant learned of the pendency of the case at bar but the fact remains that defendant received notice in some way and thereafter employed counsel who appeared specially for her in this cause for the sole purpose of filing a plea in abatement consisting of two grounds, to-wit: (1) that this court is without jurisdiction of the person of defendant, she having been sought to be made a defendant by publication only, and the action set forth in the bill of complaint is an action in *personam;* (2) the court is without jurisdiction of the subject matter in that the complainant seeks to set aside and declare null and void the action of the court of another State, wherein a final decree was entered granting to William E. Graham a divorce in the cause of *William E. Graham v. Louise Scott Graham,* Case No. 75372 Department 1, in the 8th Judicial District Court of the State of Nevada for Clarke County.

This plea in abatement was properly sworn to by the solicitor for the defendant.

The Chancellor sustained both grounds of the plea and dismissed the suit. From his action the complainant has appealed and assigned as error the fact that the plea in abatement was sustained by the Chancellor and the suit of the complainant dismissed.

In considering this assignment of error which is discussed most ably in the briefs filed by respective counsel, we quote the pertinent part of T.C.A. sec. 16-624:

"The court of chancery acts ordinarily in *personam,* and suit may be instituted wherever the defendant, or any material defendant, is found, unless otherwise prescribed by law."

In this case the defendant is not in the jurisdiction of the court in person nor does she reside within the State of Tennessee. Therefore, she cannot be found in this State. It is not averred in the bill that the deceased William E. Graham owned at his death nor any other time any property, real, personal or mixed, which was located in or had a situs in the State of Tennessee at any time during the marriage of the parties, nor upon his death, nor upon the date of the filing of the bill in this cause.

In the case of *Rose v. Rose,* 176 Tenn. 680, 145 S.W.2d 773, 774, the Court, speaking through the late Mr. Chief Justice Green, sustained the plea in abatement to the original bill and dismissed the same at the cost of the complainant. The facts in the Rose case as set out in the bill were that complainant Ella Rose was married to Matt Rose in the State of North Carolina in 1905 and that he had been a resident of that State since that date. In July, 1925, he came to Blount County, Tennessee, and filed a divorce bill against complainant in which he falsely and fraudulently alleged that he had been a resident of Blount County, Tennessee, for more than two whole years prior to the date of the filing of the bill and he further falsely and fraudulently alleged that complainant had been guilty of wilful and malicious desertion without reasonable cause for more than two years and he prayed for an absolute divorce. Publication was made for defendant and on October 20, 1925, a pro con-

fesso decree was entered, based on said bill and publication and on the same day a decree was entered in the Circuit Court of Blount County awarding to the said Matt Rose an absolute divorce from the complainant for the causes stated in the bill.

Mrs. Rose further alleged that her said husband had never become a resident of Tennessee, had all the while been a citizen and resident of the State of North Carolina and was a citizen and resident of North Carolina when said divorce bill was filed and his decree obtained and accordingly said divorce decree obtained against her was rendered by a court without jurisdiction as well as fraudulent and void.

The bill then alleges that in 1927 or 1928 the said Matt Rose moved to the State of Georgia where he undertook to marry the defendant Mary Lucy Rose and that said Matt Rose died in Georgia in January or February, 1938. The prayer of the bill was that the divorce proceedings in the Circuit Court of Blount County be adjudged fraudulent and the decree therein rendered set aside. The defendant Mary Lucy Rose was brought before the court by publication. Upon being advised of the existence of such suit said Mary Lucy Rose filed a plea in abatement setting out that complainant was a resident of North Carolina and that she, the defendant, was a resident of the State of Georgia as shown from the allegations of the bill and challenging the jurisdiction of the court to proceed against her by publication and without any service of process.

The Court said:

"While there is some dissent, we think the weight of authority is that a decree of divorce may be set

aside for want of jurisdiction or fraud, even though the party so obtaining such decree be dead, if property rights are involved.''

The Court also held that a court of equity in this State has the power to set aside a divorce decree obtained by fraud and in that case the Court also observed that if the husband were alive there is considerable authority for the conclusion that the Court might have entertained complainant's bill and brought him before the Court by publication on the theory that the marriage status is a *res* and the *res* having been submitted to the Court in the divorce bill, some sort of *res* remains in the jurisdiction and the Court was authorized to deal with the *res*.

In the case before us, however, the marriage status of the parties has been dissolved by the death of William E. Graham. There is no averment in the bill that deceased left any property in Tennessee which could have been reached by attachment. Aside from the legal obstacles in the way of obtaining service of process by publication on defendant and compelling her to come to Tennessee to defend this action, the complainant is not entitled to compel the defendant to appear and answer in this proceeding as a matter of equity.

Complainant believes she is the lawful and legal widow of the deceased, William E. Graham. Minnie V. Graham believes she is the legal and lawful widow of deceased. According to the bill Minnie V. Graham has been so recognized and if the complainant continues to dispute this, then it would be her duty to seek out the defendant and bring suit against her wherever she may be in order to have the matter properly adjudicated, as there

is nothing in her bill which would entitle her to bring the defendant or the estate of the deceased, if any, before the Court in this case by publication.

We have reviewed the authorities relied upon by the appellant and appellee and we are satisfied that for the reasons set out above we have reached the proper conclusion in this case. Therefore, the action of the Chancellor is affirmed and this case is dismissed at the cost of the appellant, Louise Scott Graham.