Estelle S. Buckner BAGGETT, etc., et al., Petitioner,

v.

Mary M. Sharplin BAGGETT, Respondent.

Supreme Court of Tennessee.

Aug. 30, 1976.

Doyle Richardson, G. Nelson Forrester, Henry, McCord, Forrester & Richardson, Tullahoma, Boston & Weatherford, Lawrenceburg, for petitioner.

Joe L. Finley, Jr., Sparta, for respondent.

OPINION

BROCK, Justice.

This is a proceeding to set aside a divorce decree for lack of jurisdiction. The primary question presented is whether or not the respondent, defendant in the divorce action, was denied due process of law in the divorce case by the failure of the court and her husband to forward to her at her last known address, she being a non-resident of the State of Tennessee at the time, a notice of the filing of the divorce petition, in addition to the customary service of process by publication in a local Tennessee newspaper.

The trial court denied relief, holding that in a divorce proceeding against a non-resident defendant the law does not require, in addition to the service of process by publication in a newspaper, the mailing to the non-resident defendant's last known address of a notice of the filing of suit. The Court of Appeals reversed, holding that under the facts of this case and under the law as declared in *Mullane v. Central Hanover Bank & Trust Co.,* 339 U.S. 306, 70 S.Ct. 652, 94 L.Ed. 865 (1950); *Walker v. Hutchinson,* 352 U.S. 112, 77 S.Ct. 200, 1 L.Ed.2d 178 (1956); *Armstrong v. Manzo,* 380 U.S. 545, 85 S.Ct. 1187, 14 L.Ed.2d 62 (1965), the respondent had been denied due process of law in the divorce proceeding because of the failure of the husband to disclose to the clerk of the court her last known address and the failure of the court, through the clerk, to forward a notice of the filing of the divorce action to her at such address. Accordingly, it was decreed that the divorce decree be vacated.

Mary Baggett, the plaintiff in the trial court and the respondent in this Court, was the lawful wife of Javin Paul Baggett, now deceased. Mr. Baggett filed a divorce action against her in the Chancery Court of Coffee County, Tennessee, on August 12, 1969. He stated in his complaint that Mary Baggett was a non-resident of Tennessee "and resides in Miami Beach, Florida." Both lower courts have found that at the time he filed his complaint he either knew or could have easily ascertained the mailing address of Mary Baggett. This concurrent finding is, of course, binding upon this Court.

Further, it is admitted by petitioner in the petition for certiorari in this Court that "no copy of the notice was mailed to Mrs. Baggett by the Clerk and Master."

The only attempt to give the defendant notice of the filing of this suit in the di-

vorce action was the customary publication of notice in a Coffee County newspaper as provided by T.C.A. § 21–218. Mary Baggett, the defendant in the divorce action, having no knowledge of the pendency of the suit against her, failed to answer within the time required by law, with the result that a pro confesso and decree of divorce was rendered against her on September 27, 1969.

Following his divorce, Javin Paul Baggett married the petitioner, Estelle Baggett, on October 11, 1969. Shortly thereafter, on November 1, 1969, Javin Paul Baggett died. Mary Baggett had no notice or knowledge of the divorce action against her until April, 1970. On October 24, 1972, she filed the instant proceeding against Estelle Baggett, the second wife and petitioner here.

■ The first issue to be resolved is whether or not the plaintiff has a justiciable interest in setting aside the decree of divorce considering the fact that her husband died, thus dissolving the marriage relation, prior to the institution of this suit. The general rule is that an application to vacate a decree of divorce does not lie after the death of a party where the surviving spouse has no property interests which were adversely affected by the divorce decree, since death itself severs the marital relation and the only object to be accomplished by the vacation of the decree would be sentimental. Such is the rule in this State as declared by this Court in *Rose v. Rose,* 176 Tenn. 680, 145 S.W.2d 773 (1940).

■ But, when the decree of divorce adversely affects property interests of the surviving spouse, the death of the other spouse does not defeat the right of the surviving spouse or his or her representative to institute vacation proceedings. This is permitted, not for the purpose of continuing the controversy regarding the right to a divorce itself, but to determine whether or not the surviving spouse has been deprived of property interests by reason of the change in his or her marital status brought about by the divorce decree. The action is considered to involve only the property interests. *Rose v. Rose, supra.* Thus, this Court in the *Rose* case said:

"We concur in an expression of the Supreme Court of Iowa in a case like this that 'The court will not, for the mere purpose of satisfying a sentiment, inquire which is the widow of the deceased. But where some property right hinges on the question, the past status of these parties may become the subject of judicial investigation.'"

Property interests deemed to be sufficient within the meaning of the foregoing rule have been held to be those interests of which the surviving spouse has been wrongly deprived by the divorce, including dower, the right to a distributive share in the decedent's estate, and the right which the survivor, if not divorced, would have had, after the death of the plaintiff in the divorce action, to a pension, benefits of a surviving spouse under the Social Security laws, or benefits under a Workmen's Compensation law. *Lindley v. Lindley,* 274 Ala. 570, 150 So.2d 746 (1963); *Rivieccio v. Bothan,* 27 Cal.2d 621, 165 P.2d 677 (1946); *Board of Trustees of Fireman's Relief & Pension Fund v. Cotton,* 208 Okl. 421, 256 P.2d 802 (1953).

■ In the instant case, Mary Baggett asserts that the divorce decree is depriving her of Veterans' benefits, especially medical care, since her entitlement to these benefits was dependent upon her status as Javin Paul Baggett's wife and, subsequently, as his widow. See 10 U.S.C. § 1072(2), 10 U.S.C. § 1072(2)(A), 10 U.S.C. § 1072(2)(B). This assertion is not disputed by the petitioner, Estelle Baggett. That statutory entitlements such as Veterans' benefits constitute "property" entitled to the protection of the Fourteenth Amendment was held in *Goldberg v. Kelly,* 397 U.S. 254, 262, 90 S.Ct. 1011, 1017, 25 L.Ed.2d 287 (1970), wherein the Supreme Court, with regard to the termination of welfare benefits, said:

"Such benefits are a matter of statutory entitlement for persons qualified to receive them. Their termination involves state action that adjudicates important rights. The constitutional challenge can-

not be answered by an argument that public assistance benefits are 'a "privilege" and not a "right." ' "

We hold that the Veterans' benefits to which Mary Baggett would be entitled as the widow of Javin Paul Baggett constitute a sufficient property interest to entitle her to maintain this proceeding attacking the validity of the divorce decree.

The petitioner's reliance upon *Rose v. Rose, supra,* and *Graham v. Graham,* 209 Tenn. 272, 352 S.W.2d 445 (1961), is misplaced. Both were cases in which the first wife brought a proceeding against the second wife seeking to vacate a decree of divorce obtained by the deceased husband. In neither case was there any property located within the State of Tennessee over which the court could acquire jurisdiction; and, furthermore, in each case the defendant second wife was a non-resident of Tennessee over whom the Court could not acquire in personam jurisdiction. Consequently, the actions failed for lack of jurisdiction of the Court. In the instant case, the defendant second wife is a resident of Tennessee upon whom personal service of process has been had, giving the Court jurisdiction of the cause.

Because the decision of the U.S. Supreme Court in *Schroeder v. City of New York,* 371 U.S. 208, 83 S.Ct. 279, 9 L.Ed.2d 255 (1962), in our view, controls our determination of the issue of the adequacy of notice to Mary Baggett in the divorce case, we quote from that opinion:

> "We hold that the newspaper publications and posted notices in the circumstances of this case did not measure up to the quality of notice which the Due Process Clause of the Fourteenth Amendment requires.
>
> " 'An elementary and fundamental requirement of due process in any proceeding which is to be afforded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.' (Citations omitted.) *Mullane v. Central Hanover*

*Tr. Co.,* 339 U.S. 306, 314, 70 S.Ct. 652, 657, 94 L.Ed. 865. . . .

> "As was emphasized in *Mullane,* the requirement that parties be notified of proceedings affecting their legally protected interests is obviously a vital corollary to one of the most fundamental requisites of due process—the right to be heard. 'This right * * * has little reality or worth unless one is informed that the matter is pending and can choose for himself whether to appear or default, acquiesce or contest.' (Citation omitted.) The Court recognized the practical impossibility of giving personal notice in some cases, such as those involving missing or unknown persons. But the inadequacies of 'notice' by publication were described in words that bear repeating here:

> > " 'Chance alone brings to the attention of even a local resident an advertisement in small type inserted in the back pages of a newspaper, and if he makes his home outside the area of the newspaper's normal circulation the odds that the information will never reach him are large indeed. The chance of actual notice is further reduced when as here the notice required does not even name those whose attention it is supposed to attract, and does not inform acquaintances who might call it to attention.' (Citation omitted.)

> "The general rule that emerges from the *Mullane* case is that notice by publication is not enough with respect to a person whose name and address are known or very easily ascertainable and whose legally protected interests are directly affected by the proceedings in question. 'Where the names and post office addresses of those affected by a proceeding are at hand, the reasons disappear for resort to means less likely than the mails to apprise them of its pendency.' " (Citation omitted.) 83 S.Ct. at 282.

Accord *Walker v. Hutchinson, supra; Armstrong v. Manzo, supra; Burden v. Burden,* 44 Tenn.App. 312, 313 S.W.2d 566 (1957), cert. denied (1958).

Consequently, we hold that the failure of the Chancery Court in the divorce case to direct a notice of the divorce proceeding to Mary Baggett at her last known mailing address in Miami, Florida, deprived her of the due process right to receive notice and have an opportunity to be heard, since, as found by both lower courts, her husband, the plaintiff in the divorce action, knew or easily could have ascertained her mailing address in Miami.

To the extent that T.C.A. § 21–218 [1] may be considered to relieve the Court of the obligation to give such notice to a nonresident defendant whose last known place of residence is known or can be ascertained upon inquiry, said statute is in violation of the due process clause of the Fourteenth Amendment to the Constitution of the United States and void. Likewise, to the extent that *Sturdavant v. Sturdavant,* 28 Tenn.App. 273, 189 S.W.2d 410 (1944), holds to the contrary it should no longer be considered as authority in this State.

We, therefore, conclude that the decree of the Court of Appeals should be affirmed and that the decree of divorce entered in Cause No. 434 in the Chancery Court of Tennessee in and for the County of Coffee, styled: *Javin Paul Baggett, Complainant v. Mary M. Baggett, Defendant,* is invalid for failure of the court to acquire jurisdiction therein over the defendant, Mary M. Baggett, and should be vacated. Costs incurred in this Court are assessed against petitioner, Estelle Buckner Baggett.

COOPER, C. J., and FONES and HARBISON, JJ., concur.

HENRY, J., not participating.

---

1. T.C.A. § 36–805, now makes mandatory that the complaint for divorce state the address of the defendant and requires dismissal of complaints which do not contain such information "unless it can be shown to the satisfaction of the court that such information could not be obtained by the . . . petitioner by exercising due diligence."