**William Calhoun LOVE, Appellant,**

**v.**

**FIRST NATIONAL BANK OF CLARKS-VILLE, Tennessee and William Calhoun Love, II, Appellees.**

Court of Appeals of Tennessee, Middle Section, at Nashville.

Nov. 4, 1982.

Permission to Appeal Denied by Supreme Court Feb. 14, 1983.

Morton B. Howell, Nashville, for appellant.

Collier Goodlett, Jr., Clarksville, for appellees.

## OPINION

CANTRELL, Judge.

This action concerns the rights of the appellant, William Calhoun Love, under his mother's will and questions the administration of her estate by the appellee, First National Bank of Clarksville, Tennessee.

After a final accounting in the County Court, the Chancery Court of Montgomery County issued a writ of error and supersedeas to the County Court, held a hearing on the appellant's allegations, denied the majority of the relief sought, and granted relief on two items.

Julia Lowe Love, a resident of Clarksville, Tennessee, died December 7, 1970. She was survived by one son, the appellant, and four children of another son who had predeceased her. Her will named her surviving son co-executor and co-trustee with Dempsey Marks, an attorney in Clarksville.

Mrs. Love's estate amounted to approximately $50,000.00, the main assets being: several hundred shares of the common stock of Protective Life Insurance Company of Birmingham, Alabama; notes executed by her deceased son, Quincy B. Love; and ninety-three shares of the common stock of Struve-Love Hotel Company, Inc., of Huntsville, Alabama. After specifically disposing of some personal property and a $5,000.00 note from her deceased son, Mrs. Love's will directed that the residue of her estate be put in trust to be used for her youngest grandson's education and/or medical expenses. At the end of ten years, or whenever her grandson ceased his educational pursuits, the remaining assets of the trust were to be distributed as follows: $5,000.00 to be paid to her son, William Calhoun Love, the appellant; then one-half of the remainder to the children of her deceased son, Quincy B. Love, and one-half to the appellant.

The will was admitted to probate in the County Court of Montgomery County, Tennessee, on April 9, 1971. William C. Love and Dempsey Marks were appointed co-executors of the will and co-trustees of the trust to be established. Dempsey Marks filed a petition seeking leave of the County Court to resign as co-executor on July 11, 1971, giving as his reason the fact that the appellant had removed some of the property of the estate from Tennessee and would not return it. The motion was granted on August 5, 1971.

The appellee, First National Bank of Clarksville, was appointed co-executor by an order dated October 5, 1981. Shortly thereafter, the Bank also sought the removal of the appellant as executor of the estate for refusing to return the assets of the estate. A second petition was filed by the Bank on March 25, 1972, seeking leave of the court to resign as co-executor, or, in the alternative, seeking the removal of the appellant as co-executor.

On December 8, 1972, the appellant was removed and discharged from his position as co-executor of the estate and was ordered to deliver to the appellee all of the assets of the estate in his possession.

While the appellant was co-executor of the estate, he performed many duties. He made an inventory of the testatrix's safety deposit box and forwarded that inventory to the Tennessee Department of Revenue; he paid several debts and expenses of the decedent; he prepared and filed an inheritance tax return and negotiated with the Tennessee Department of Revenue to settle the disputed amount owed. The appellant also filed Tennessee Income Tax Returns for the years 1971, 1972, and 1973. Furthermore, U.S. Fiduciary Returns for the years 1971 and 1972 were filed by the appellant.

On February 19, 1974, the appellant was cited by the County Court for failing to deliver to the appellee the property of the estate in his possession. The appellant avoided being held in contempt by delivering the property prior to the hearing.

On August 21, 1975, with the appellee now in sole command of Mrs. Love's estate, her grandson, named as beneficiary of the trust in the will, filed a petition and affidavit seeking to have the appellee pay his educational and medical expenses according to the terms of the will. On September 23, 1975, after a hearing on the petition, the County Court ordered the appellee to pay the grandson's educational and medical expenses. On October 7, 1975, the appellee was also ordered to pay the reasonable attorneys fees connected with the petition.

On February 25, 1976, the grandson filed another petition seeking payment of numerous college expenses. The court ordered the appellee to reimburse the grandson for his expenses and ordered the appellee to pay from the estate the reasonable attorneys fees incurred by the grandson in pursuit of the money owed to him.

On September 28, 1977, a notice was posted in the Montgomery County Courthouse that a final accounting in Mrs. Love's estate was to be held. Even though the appellant's address remained unchanged throughout the time he was involved with the estate, he did not get notice of the meeting and therefore, did not attend. On October 17, 1977, the final report was confirmed by the court. It was not until later that the appellant obtained actual notice of the final accounting through a letter written to him by the appellee.

On May 30, 1978, the County Court ordered a partial distribution of $5,000.00 each to the four children of Quincy B. Love. Upon learning of the distribution, the appellant filed a motion to obtain his $5,000.00 specific bequest and $20,000.00 equal share of the residue of the estate. The motion was granted by the Chancery Court.

After hearing evidence in February 1981, and considering the stipulations filed by the parties, the Chancellor filed his opinion on October 9, 1981. The court concluded that the finalization of the estate was delayed primarily by the appellant's "obstreperousness" and that the appellant failed to prove by a preponderance of the evidence that the acts of the bank infringed upon his rights except in two instances. The bank was ordered to transfer to the appellant the proceeds of some stock which belonged to him and the bank was found derelict in failing to invest the proceeds of the estate at the highest possible return after interest rates began to rise precipitously after July 1978. In a subsequent memorandum, the Chancellor found the bank should, after July 1978, pay interest on the proceeds of the estate at the rate a judgment would bear. However, the court ordered that the higher rate should not be paid to the appellant because he had been responsible for many of the delays in settling the estate.

The appellant has raised twenty-one issues on appeal. The most serious issue is No. II, which challenges the action of the County Court from and after the removal of the appellant as executor because he was not given adequate notice of the proceedings.

It is uncontroverted that notice was not sent to the appellant when action was taken with respect to distribution of assets from the estate even though he was an interested party. Either no notice was given or notice was posted on the courthouse door pursuant to T.C.A. § 30–1104.

■ It is clear that notice by publication is not sufficient to comply with due process when the person's name or address is known or is very easily ascertainable. *Mullane v. Central Hanover Bank & Trust Company,* 339 U.S. 306, 318, 70 S.Ct. 652, 659, 94 L.Ed. 865, 875 (1950); *Baggett v. Baggett,* 541 S.W.2d 407, 410–11 (Tenn. 1976). Failure to give notice surely fails the dictates of due process. *See id.*

■ However, the object of due process in such proceedings is to provide the interested party with an opportunity to appear and be heard on the issues before the court. In this case it is quite clear that the Chan-

cellor, by issuing the writ to the County Court and setting a hearing, was examining the orders of the County Court and granting the petitioner-appellant a chance to be heard on the issues raised in his pleadings. Beyond that, the question becomes one of proof. The court heard testimony with respect to the final accounting and granted the appellant part of the relief he sought. As to the other relief sought by the appellant, the Chancellor was not persuaded by the proof that the failures on the part of the bank resulted in any harm to him. Therefore, the object of the notice requirements have been accomplished.

There are, however, three areas where we believe the Chancellor was in error in denying relief to the appellant. The first concerns the award of a higher interest rate to the other beneficiaries under the will than that allowed the appellant. The Chancellor held that the bank should have deposited the estate funds in an account that would have earned the maximum interest instead of in the bank's regular savings account. Therefore, the Chancellor ordered the bank to pay to the other beneficiaries interest at the judgment rate from and after July 1, 1978. However, the appellant was denied the same treatment because the Chancellor found that he had been the cause of much of the delay in settling the estate.

■ We cannot find any support in the record for the Chancellor's conclusion that the appellant contributed to the delay after March 1974, when he finally delivered the remaining assets in his hands to the bank. Since a higher rate of interest was allowed only after July 1, 1978, we can see no reason why the appellant should be defeated in his claim for equal treatment. Therefore, the Chancellor's order should be modified in this respect.

■ The second item involves the payment of penalty and interest by the bank for late-filed tax returns. The appellee-bank concedes in its brief that it should reimburse the estate for the penalty and interest thus incurred. We agree, and the Chancellor's order should be so modified.

■ Finally, we conclude that the appellant should be allowed to prove the reasonable value of his services to the estate. The County Court allowed him a fee of $500.00. From a review of the record, it appears that the value of the services rendered may be substantially higher than that. The bank was allowed a fee of $1,250.00 for its services, which appear from the record to approximate the services rendered by the appellant. Therefore, on remand the court should set a reasonable fee for the appellant's services and if the fee should be reduced for the wrongdoing of the appellant while serving as executor, then the court should make specific findings in that regard.

The remaining issues raised by the appellant can be summarized as follows:

1. Failure of the bank to carry out the testatrix's specific instructions; 2. failure to promptly conclude the administration of the estate; and failure to file an inventory, to file Tennessee Income Tax Returns, to make an accounting for nearly five years, to make diligent inquiry as to identity, location and extent of certain tangible personal property; 3. failing to collect the full amount of two notes and failing to present interest coupons in a timely fashion on bonds of a bankrupt Milwaukee Railroad; 4. the Chancellor erred in not setting aside the action of the County Court in removing the appellant as executor of the estate.

After the hearing below, the Chancellor concluded:

As to all of the individual complaints raised by the complainant in regard to the bank's handling of this estate, the Court does not find by a preponderance of the evidence, that the bank has infringed upon the rights of Mr. Love and/or been derelict in their duties save in two instances.

Thereafter, the Chancellor discussed the relief to be granted with respect to the bond which he found to be the property of Mr. Love, and the interest to be allowed on the assets of the estate over and above what the bank had paid.

The Chancellor's decision comes to this Court with a presumption of correctness. Tenn.R.App.P. 13. We have examined the record and do not find that the evidence preponderates against the findings of the Chancellor. Therefore, the remaining issues are found to be without merit.

The decision of the court below is modified, as reflected in this opinion, and as modified is affirmed. The cause is remanded to the Chancery Court of Montgomery County for any further proceedings necessary. Tax the costs on appeal equally to the appellant and the appellee.

TODD, P.J. (M.S.), and LEWIS, J., concur.