# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE

**FILED**

**July 1, 1999**

**Cecil Crowson, Jr.**
**Appellate Court Clerk**

CHERYL LYNN (DOUGLAS) )
HUMPHREY )
 )
  Plaintiff/Appellee, ) Appeal No.
 ) 01-A-01-9802-CV-00109
v. )
 )
 ) Sumner County Circuit Court
 ) No. 17425-C
DAVID ARNOLD HUMPHREY )
 )
  Defendant/Appellant. )
 )


## COURT OF APPEALS OF TENNESSEE

## APPEAL FROM THE  CIRCUIT COURT FOR  SUMNER COUNTY


### THE HONORABLE THOMAS GOODALL, PRESIDING



DAVID ARNOLD HUMPHREY
TURNEY CENTER 4B/20
ROUTE ONE
ONLY, TENNESSEE  37140-9709

DEFENDANT/APPELLANT
 PRO-SE


TIMOTHY L. TAKACS
201 WALTON FERRY ROAD
HENDERSONVILLE, TENNESSEE 37077-0364

ATTORNEY FOR PLAINTIFF/APPELLEE


**AFFIRMED IN PART, REVERSED IN PART AND REMANDED**


       PATRICIA J. COTTRELL, JUDGE

CONCUR:
CANTRELL, J.
KOCH, J.

# OPINION

Appellant David A. Humphrey commenced this pro se appeal to challenge the trial court's Final Decree granting a divorce to Appellee Cheryl Lynn (Douglas) Humphrey on the ground of inappropriate marital conduct. He asserts that the divorce should have been granted to him or the court should have simply declared the parties divorced. He also challenges the trial court's child custody and visitation order, asking that in person visitation be required. Finally, he objects to the assessment of costs against him.

Ms. Humphrey filed her complaint for absolute divorce on September 3, 1997, alleging irreconcilable differences. She amended the complaint on November 24, 1997 to assert an additional allegation that Mr. Humphrey was guilty of inappropriate marital conduct. On December 18, 1997, Mr. Humphrey moved for an extension of time to answer the complaint, arguing that due to his lack of education, indigence, and incarceration he required an additional month to retain the assistance of the prison law clerk to aid him in preparing an answer, to conduct factual and legal research, and to gather information.

On January 6, 1998, the trial court issued an order stating that it would hold a hearing on Mr. Humphrey's motion for extension of time on January 20, 1998 to be conducted by telephone to permit his participation.

On January 20, 1998, both Mr. Humphrey and an advisor participated in the hearing over the telephone. During the hearing, Mr. Humphrey indicated that he required the extension of time to secure certain material facts pertaining to the sale of the parties' real estate which had occurred some years before the complaint for divorce was filed. Mr. Humphrey also admitted that he was incarcerated for a felony involving a drug-related offense.

1

On January 22, 1998, the trial court issued the Final Decree of Divorce, granting Ms. Humphrey the relief sought on the ground of inappropriate marital conduct. This finding was primarily premised on Mr. Humphrey's admission regarding the reason for his incarceration, the felony drug conviction. While Ms. Humphrey was awarded custody of the couple's minor children, Mr. Humphrey received reasonable visitation. The decree awarded no alimony. It stated that the parties had no marital debt and no marital property. It found that Mr. Humphrey was under no present duty to pay child support because of his incarceration and lack of income.

This decree also denied Mr. Humphrey's motion for extension of time, finding that material relating to the real estate transaction was not necessary in order to file an answer. However, the trial court directed Ms. Humphrey to provide to Mr. Humphrey the information he sought regarding the transaction. It also specifically informed the parties that nothing in the decree prevented Mr. Humphrey from bringing an independent action complaining of fraud and irregularities in the real estate transaction. Mr. Humphrey filed a timely notice of appeal from this order.

Although Mr. Humphrey filed a notice of filing transcript on March 13, 1998, the clerk of court noted on this filing that, "No transcript of the proceedings has been filed in this court as of March 13, 1998." On March 19, 1998, Mr. Humphrey filed a motion to transcribe proceedings. After an additional hearing in which Mr. Humphrey participated by telephone, the trial court denied Mr. Humphrey's motion to have a transcript of the January 20 hearing prepared because no contemporaneous stenographic record or audio tape was made of those proceedings. Additionally, no Tenn. R. App. P. 24 (c)

2

Statement of the Evidence has been filed. Therefore, this case is before this court on the Technical Record.

In addition, Appellant has filed a brief. Rather than responding to the arguments in Appellant's brief, Ms. Humphrey's trial counsel filed a document styled "Notice" which stated that Ms. Humphrey was unable to bear the expense of retaining counsel to file a brief on her behalf. The "Notice" also stated that this appeal lacked merit because the trial court committed no errors and Mr. Humphrey violated various rules of appellate procedure. Additionally, Ms. Humphrey requested oral argument if this court did not dismiss the appeal. Upon review of this "Notice" and other motions, this court granted Ms. Humphrey additional time in which to file a suitable brief, warning that the appeal would be considered upon the record and brief on file if she failed to do so. Inasmuch as Ms. Humphrey failed to file a brief, this court entered an order that this matter be considered upon the record and brief on file.

In his pro se appellate brief, Mr. Humphrey raises six issues. He maintains the trial court erred in (1) denying his motion for an extension of time to file an answer; (2) failing to hold a "final" hearing on the divorce complaint; (3) failing to grant him, rather than Ms. Humphrey, a divorce; (4) taxing costs against him after permitting him to proceed in forma pauperis; (5) closing the case when some issues were unresolved; and (6) failing to grant him visitation with his children.

I.

As a preliminary matter concerning the scope of this appeal, we observe that this case triggers two well-settled legal principles. First, the absence of a transcript of the divorce hearing or a proper statement of the evidence

3

means the facts found by the trial court are conclusively presumed to be correct. *See J. C. Bradford & Co. v. Martin Constr. Co.*, 576 S.W.2d 586 (Tenn. 1979). Mr. Humphrey's failure to satisfy his burden of arranging for a transcript of the proceedings or filing a certified statement of the unrecorded proceedings in compliance with Tenn. R. App. P. 24 (c) binds us to that presumption.[1] *See Sherrod v. Wix*, 849 S.W.2d 780, 783 (Tenn. App. 1992); *see State v. Bunch*, 646 S.W.2d 158, 160 (Tenn. 1983). Our analysis is limited to those issues which can be decided based solely on the technical record. Second, appellate courts generally decline to address issues raised for the first time on appeal. *See Book-Mart of Florida v. National Book Warehouse*, 917 S.W.2d 691, 694 (Tenn. App. 1995). Thus, those issues which do not appear to have been raised in the trial court are deemed waived. *See Devorak v. Patterson*, 907 S.W.2d 815, 818 (Tenn. App. 1995).

## II.

Mr. Humphrey first asserts that the trial court erred by denying his Motion for Extension of Time within which to respond. After being served with the Complaint for Divorce (which alleged irreconcilable differences as grounds) and the Amended Complaint (which also alleged that Appellant had been guilty of inappropriate marital conduct), Mr. Humphrey filed a motion for extension of time within which to respond. The stated bases for the extension were the need to secure help from the law clerk at the prison facility and the need to "secure substantial material facts and documented support relevant to these matters." By Order dated January 6, 1998, the trial court set a hearing on the motion for

---

[1]Divorce cases are not the type of civil proceeding in which the State is required to cover the expense of providing in forma pauperis litigants with transcripts. *See M.L.B. v. S.L.J.*, 519 U.S.__, 117 S.Ct. 555, 568, 136 L.Ed.2d 473 (1997).

extension of time for January 20 to include telephone participation by Mr. Humphrey.

The Final Decree of Divorce reflects that the January 20 hearing became a hearing on the merits of the divorce. The Decree reflects that Mr. Humphrey, along with an advisor, participated via telephone from Turney Center, where Mr. Humphrey was incarcerated.

As discussed above, since there is no transcript of the January 20 hearing and no Statement of the Evidence from that hearing, this court must presume that any factual findings by the trial court are correct. In the Decree, the trial court found that Mr. Humphrey had requested the extension in order to secure information relevant to the sale of the parties' marital residence a few years earlier and had suggested that fraud may have occurred in that transaction. The court then held, "The Husband has made no showing satisfactory to the Court that he cannot file an Answer and obtain the requested information by normal discovery process." The court also stated, "Nothing in this Order prevents or prohibits the Husband from bringing an independent, meritorious action complaining of any irregularities or fraud in that real estate transaction."

The trial court did not abuse its discretion by denying Mr. Humphrey's motion for extension of time to answer. *Tenn. R. Civ. P. 6.02; see also Blake v. Plus Mark, Inc.*, 952 S.W.2d 413, 415 (Tenn. 1997). We agree with the trial court that the information Mr. Humphrey sought was not required in order to answer the complaint and that nothing prevented Mr. Humphrey from obtaining the information through normal discovery procedures.

More problematic than the denial of the motion for extension, however, are the trial court's actions following that denial. Having set a hearing on the

5

extension of time for January 20, a date after the due date for the answer, the court denied the extension on January 20, found that Mr. Humphrey's response was past due, and proceeded to hear the merits of the case without prior notice to Mr. Humphrey. The court did not allow Mr. Humphrey to file an Answer or to conduct the discovery the court mentioned.

While Mr. Humphrey raises as issues the trial court's failure to hold a "final hearing" and the court's closing of the case with issues still pending, those claims appear to be based on a misapprehension as to the nature of the hearing held January 20 and of the Final Decree of Divorce entered January 22. Therefore, Mr. Humphrey's real complaint is not the lack of final action by the court, because the trial court's decree was a final action. Rather, it is his contention that he did not receive proper notice of the divorce hearing in violation of his due process rights. He claims the lack of notice left him unprepared for the divorce hearing.

Adequate notice is essential to due process because the right to a hearing has little meaning unless the affected parties are informed of the nature of the matter to be heard and can choose for themselves whether to appear or default, acquiesce or contest. *See Greene v. Lindsey*, 456 U.S. 444, 449, 102 S.Ct. 1874, 72 L.Ed.2d 249) (1982); *see Baggett v. Baggett*, 541 S.W.2d 407, 410 (Tenn. 1976) (divorce cases fall within the purview of the due process clause). "Though incarceration necessarily limits a prisoner's right to be heard by personal appearance, it does not preclude him from receiving the same notice of actions against him that is afforded to citizens who are not under sentence." *Brown v. Brown*, No. 01-A001-9510-CV-00480, 1996 WL 563877, *2 (Tenn. App. October 4, 1996) (No Tenn. R. App. P. 11 application filed).

The record shows that the trial court issued an order on January 6, 1998 setting a hearing on the motion for extension of time for January 20. The divorce decree, issued January 22, indicates that the hearing on the divorce occurred on January 20. Nothing in the record shows that Appellant received any notice that the divorce hearing was to be held simultaneously with the hearing on his motion for extension of time. While it appears the trial court consolidated the two issues because the answer was due prior to the hearing, Mr. Humphrey's failure to answer did not automatically entitle Ms. Humphrey to a default judgment. *See* Tenn. R. Civ. P. 55.01.

The issues raised by Mr. Humphrey must be analyzed in conjunction with the relief he seeks and/or the harm he claims to have suffered. In this appeal, Mr. Humphrey asserts that the divorce should have been awarded to him or, alternatively, that the parties should have been declared divorced pursuant to Tenn. Code Ann. § 36-4-129 (Supp. 1998). He further asserts that, given the opportunity, he would have presented evidence of adultery by Ms. Humphrey. However, nothing in the record reflects that Mr. Humphrey voiced these concerns to the trial court.

Although the lack of notice on the divorce issue is troubling, additional time or proper notice would not have altered the fact that Ms. Humphrey was entitled to a divorce. The trial court clearly granted the divorce on the basis of Mr. Humphrey's own admission that he was incarcerated on a felony drug count.[2] *See* Tenn. Code Ann. § 36-4-101 (6) (Supp. 1998). His "admission that he had

---

[2]The trial court awarded the divorce on the ground of inappropriate marital conduct. Tenn. Code Ann.§36-4-101(11). While conviction of and incarceration for a felony constitutes a separate ground for divorce, Tenn. Code Ann. §36-4-101 (6), criminal activity resulting in conviction and incarceration is clearly inappropriate marital conduct.

been convicted of an infamous crime and had been incarcerated . . . amount[ed] to a stipulation of grounds for divorce under Tenn. Code Ann. § 36-4-129 (a)." *Tuttle v. Tuttle*, No. 01A01-9512-CV-00546, 1997 WL 629956, * 2 (Tenn. App. October 10, 1997) (No Tenn. R. App. P. 11 application filed).

Because nothing in the technical record indicates that Mr. Humphrey raised the contention that he required the extension of time to assert his own grounds for divorce, this argument is deemed waived. *See Devorak*, 907 S.W.2d at 818. Additionally, Mr. Humphrey does not assert that he has or could have raised any defense to the divorce on the grounds of his conviction of a felony. He simply wanted to present evidence of marital misconduct by Ms. Humphrey. His complaint is not that the divorce was granted, but that it was granted to Ms. Humphrey.

Even if it were error for the trial court to hear the merits of the case without proper notice, Mr. Humphrey has failed to show how he was harmed by the granting of the divorce to Ms. Humphrey. Under Tenn. Code Ann. § 36-4-129, the trial court has discretion to award a divorce to the party "less at fault." Additionally, relative fault of the parties is relevant only to awards of alimony, and none was awarded in this case. Mr. Humphrey must show both error and harm. *See Scott v. Jones Bros. Constr., Inc.,* 960 S.W.2d 589, 594 (Tenn. App. 1997). No interest of the parties (both of whom want to be divorced) and no public policy interest would be furthered by our reversing the judgment of divorce. Mr. Humphrey has not requested such relief. Because he has shown no harm to him caused by the granting of the divorce to this former wife, we hold that any error of the trial court was harmless.

## III.

The trial court's ruling regarding marital property, however, presents greater difficulties. The trial court found that the parties had no marital property. While ordinarily this court would presume that factual finding to be correct in the absence of a Statement of the Evidence or a hearing transcript, the Final Decree itself indicates that Mr. Humphrey had questions and concerns about the sale of the marital residence which occurred while he was in prison. In fact, the trial court found that Mr. Humphrey wanted to discover information or facts regarding that transaction. The court ordered Ms. Humphrey to supply Mr. Humphrey with information regarding the sale of the residence within ten (10) days after the entry of the Final Decree in which the court found that no marital property existed.

It is apparent that Mr. Humphrey wanted an opportunity to inquire into and present evidence regarding the sale of the house and, consequently, the disposition of the proceeds from that sale. Although the trial court was aware of Mr. Humphrey's concerns on this issue, the court proceeded with the hearing without prior notice to Mr. Humphrey and without giving him the opportunity to attempt discovery on this issue, thereby denying him any real opportunity to present evidence on this issue. Under the limited circumstances of this case, we cannot say that additional time to garner evidence or proper notice of the subject matter of the hearing would not have altered the outcome of the trial court's decision on the division of property. See Tenn. R. App. P. 36 (b). Nor can we say that the proceedings under which the division of property was adjudicated did not involve a substantial right or result in prejudice to the judicial process. *Id., see Tolbert v. Tolbert*, No. 03A01-9406-CV-00230, 1994 WL 705230, *1

(Tenn. App., December 15, 1994) (No Tenn. R. App. P. 11 application filed). Accordingly, we reverse the trial court's findings relating to the division of property and remand for a hearing on the matter in which Mr. Humphrey shall receive all the process due him.

IV.

Mr. Humphrey contends that the trial court erred in assessing costs against him as an indigent litigant. Because the record contains no showing that Mr. Humphrey raised this issue in the trial court, it is deemed waived. *See Civil Service Merit Bd. v. Burson,* 816 S.W.2d 725, 734-35 (Tenn. 1991).

Furthermore, while it is elementary that a person may proceed without bond upon a finding of indigence, that status does not relieve a litigant of the obligation to pay costs incurred in the prosecution of an action. *See Roberts v. Blount Memorial Hosp.,* 963 S.W.2d 744, 749 (Tenn. App. 1997); *Purdue v. Green Branch Mining Co., Inc.,* 837 S.W.2d 56, 60 (Tenn. 1992) ("[A]ppellate courts are generally disinclined to interfere with a trial court's decision in assessing costs unless there is a clear abuse of discretion."); *see* Tenn. Code Ann. § 20-12-119 (b) (1980). We find no abuse of discretion in the trial court's assignment of costs.

V.

Mr. Humphrey challenges the trial court's visitation order, arguing that physical visitation should have been specifically ordered. The Final Decree grants to Mr. Humphrey "reasonable visitation of the parties' minor children." There is nothing in the record to substantiate Mr. Humphrey's claim that this holding is in error or that it precludes personal visits. We are unable to consider post-decree events in assessing the validity of the decree. Mr. Humphrey's

10

remedy, if he is dissatisfied with his former wife's interpretation of or compliance with the order, lies in the trial court.

Mr. Humphrey contends that the trial court's failure to order physical visitation has effectively deprived him of any contact with his children. He also argues that Ms. Humphrey violated the trial court's visitation order permitting him twice weekly telephone contact with his children. Since these alleged matters would have occurred after entry of the decree, the record contains no indication that Mr. Humphrey raised this issue in the trial court. Therefore, we are precluded from addressing the matter. Mr. Humphrey, however, may still seek compliance with the visitation provisions of the divorce decree by petitioning the trial court. *See, e.g., Crabtree v. Crabtree*, 716 S.W.2d 923, 925 (Tenn. App. 1986).

Accordingly, having considered the entire record, we affirm the trial court's decision to grant a divorce to Ms. Humphrey. We reverse the trial court's ruling regarding the division of property and remand for further proceedings on that issue consistent with this opinion. Appellee's motion to dismiss the appeal is denied. The costs of this appeal shall be divided equally between the parties, for which execution, if necessary, may issue.

_____
PATRICIA J. COTTRELL, JUDGE

CONCUR:

_____
BEN H. CANTRELL, PRESIDING JUDGE, M.S.

_____
WILLIAM C. KOCH, JUDGE

11