IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
November 18, 2015 Session

## IN RE ESTATE OF JOHN PAUL LEWIS, SR.

Appeal from the Chancery Court for Bradley County
No. 2014-PR-49     Jerri S. Bryant, Chancellor

No. E2015-00290-COA-R3-CV-FILED-FEBRUARY 18, 2016

The plaintiff in this action and the decedent were formerly husband and wife. Before they married, the decedent husband and the plaintiff executed an antenuptial agreement, which provided, *inter alia*, that the decedent would maintain a $500,000 life insurance policy with the plaintiff as beneficiary until his death. When the parties divorced in 2009, the divorce court determined that their antenuptial agreement was enforceable, including the life insurance provision. Although the decedent appealed certain issues in that action regarding alimony and arrearages, the divorce court's determination regarding enforceability of the antenuptial agreement and the life insurance provision contained therein was not appealed. Furthermore, no relief was sought pursuant to Tennessee Rule of Civil Procedure 60. At the time of the decedent's death in 2014, he had not maintained the required life insurance, and the plaintiff filed a claim against the decedent's estate for $500,000. The personal representative of the estate filed an exception to the claim. The probate court allowed the claim to proceed, concluding that the issue regarding the life insurance provision in the antenuptial agreement had been previously litigated in the divorce action, which judgment had since become final and nonmodifiable. The personal representative has appealed. Discerning no error, we affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court
Affirmed; Case Remanded**

THOMAS R. FRIERSON, II, J., delivered the opinion of the court, in which D. MICHAEL SWINEY, C.J., and CHARLES D. SUSANO, JR., J., joined.

Ginger Wilson Buchanan, Cleveland, Tennessee, for the appellant, Nola Field, Personal Representative of Estate of John Paul Lewis, Sr.

James F. Logan, Jr., Cleveland, Tennessee, for the appellee, Miechelle Forgey Lewis.

**OPINION**

I.  Factual and Procedural Background

John Paul Lewis, Sr. ("Decedent"), passed away on February 26, 2014.  He was previously married to Miechelle Forgey Lewis from April 9, 2005, until entry of their divorce judgment on March 13, 2009, in the Bradley County Circuit Court ("the divorce court").    Prior to their marriage, Decedent and Ms. Lewis executed an antenuptial agreement.  This agreement contained the following provision:

> Life insurance.  Prospective Husband agrees to procure and to maintain in full force and effect a policy of term life insurance in the amount of at least $500,000 naming MIECHELLE FORGEY as the sole beneficiary. Prospective Husband shall be solely responsible for the payment of the premium thereon.  In the event that Prospective Husband shall not acquire said policy, then at the time of his death, Prospective Wife is to receive the sum of $500,000 from his estate in lieu of said insurance benefit.

At the time of the 2009 divorce judgment, the divorce court determined that Decedent had removed Ms. Lewis as a beneficiary of his life insurance.  In its order dated March 13, 2009, the divorce court stated that if Decedent did so after the divorce action was filed, "the court finds such action would be in violation of the legislatively imposed injunction in divorce cases in this state."  The court further determined that, pursuant to the antenuptial agreement, Ms. Lewis would have a claim against Decedent and/or his estate for such life insurance benefits.  The court concluded, "The requirement that plaintiff be afforded beneficiary status shall be enforced by the court."

Following entry of judgment in the divorce court, Decedent filed an appeal regarding certain alimony and garnishment issues to this Court.  *See Forgey-Lewis v. Lewis*, No. E2009-00851-COA-R3-CV, 2011 WL 332710 at *1 (Tenn. Ct. App. Jan. 28, 2011).  On appeal, no issue was raised regarding the life insurance provision contained in the antenuptial agreement or the trial court's interpretation thereof.  *Id.*  This Court's opinion does recite, however, that the trial court determined the antenuptial agreement to be valid and enforceable and that such determination was not challenged on appeal.  *Id.*

On January 11, 2013, Decedent and Ms. Lewis entered into a settlement agreement, which purported to settle all existing and future claims alleged by Ms. Lewis against Decedent for the amount of $397,000.  This agreement was not affirmed by the divorce court because it was not signed by the parties or their counsel.  Furthermore, the

2

sum of $397,000 was never paid to Ms. Lewis. On July 15, 2013, the parties, with the benefit of counsel, entered into a settlement agreement specifically focusing upon alimony, alimony arrearage, court costs, and attorney's fees. The settlement totaled $239,000. An order was entered reflecting this agreement, which expressly stated that it did not "offset any potential claim or cause of action [Ms. Lewis] may or may not have against [Decedent's] estate for anything other than prior alimony payments or arrearage." Furthermore, during a hearing held on July 15, 2013, Ms. Lewis's counsel reported to the divorce court that her claim regarding the $500,000 life insurance policy was not being extinguished by the settlement agreement. Decedent's counsel likewise acknowledged to the divorce tribunal during that proceeding that "[Ms. Lewis] can file that as a claim upon [Decedent's] death in probate court if she decides to."

At the time of Decedent's death in 2014, he had not maintained a $500,000 life insurance policy with Ms. Lewis as beneficiary. Upon Decedent's will being presented to the probate court ("the trial court"), Nola Field was appointed as personal representative of Decedent's estate ("the Estate") pursuant to the terms of the will. Thereafter, Ms. Lewis filed a claim against the Estate for $500,000. Ms. Field filed an exception to Ms. Lewis's claim, asserting that (1) the antenuptial agreement did not specifically provide that the requirement regarding life insurance would survive the parties' divorce, (2) the divorce court's prior ruling that the life insurance provision in the antenuptial agreement should be enforced did not contain findings that the life insurance requirement was necessary to secure an alimony obligation or property settlement owed to Ms. Lewis, (3) the divorce court exceeded its contempt powers for any contempt punishment based on Decedent's violation of the statutory injunction prohibiting the modification of life insurance beneficiaries, and (4) the life insurance claim was released as part of the parties' prior settlement.

The trial court conducted a hearing on October 28, 2014, regarding the personal representative's exception to the claim filed by Ms. Lewis. The trial court found that the issue had been previously litigated in the divorce court action, resulting in a determination by the divorce court that the antenuptial agreement was enforceable. The trial court also reiterated that the divorce court had determined that Ms. Lewis was entitled to a valid claim against the Estate regarding the life insurance requirement, pursuant to the antenuptial agreement. As the trial court noted, the divorce court's order had become final and nonmodifiable before the probate action was filed.

As to the prior settlement negotiations, the trial court determined that the divorce court had never approved the $397,000 settlement and that Decedent had only paid Ms. Lewis a $6,000 down payment toward the agreed total sum of $397,000. The trial court also determined that the subsequent $239,000 settlement did not address the claim regarding the life insurance policy but rather covered only alimony, alimony arrearages,

court costs, and attorney's fees. The trial court accordingly allowed Ms. Lewis's claim against the Estate in the amount of $494,000.[1] The Estate timely appealed.

## II. Issues Presented

Ms. Field has presented the following issues for our review, which we have restated slightly:

    1.      Whether the trial court erred in finding the final decree of divorce to be a final, unmodifiable order.

    2.      Whether the divorce court exceeded its authority to punish for contempt by requiring the Decedent to maintain a life insurance policy in the amount of $500,000 naming Ms. Lewis as the beneficiary.

Ms. Lewis presents the following additional issue for our review:

    3.      Whether this appeal is frivolous such that Ms. Lewis should receive an award of attorney's fees and costs incident to the appeal.

## III. Standard of Review

We review the trial court's findings of fact following a bench trial *de novo* with a presumption of correctness unless the evidence preponderates otherwise. *See* Tenn. R. App. P. 13(d). We review conclusions of law, however, *de novo* and without any presumption of correctness. *Campbell v. Fla. Steel Corp.*, 919 S.W.2d 26, 35 (Tenn. 1996) (citing *Hillsboro Plaza Enters. v. Moon*, 860 S.W.2d 45, 47 (Tenn. Ct. App. 1993)).

## IV. Finality of Divorce Decree

The Estate contends that the trial court erred in determining that the parties' divorce decree was a final, unmodifiable order, specifically with regard to enforcement of the life insurance provision contained within the parties' antenuptial agreement. The Estate claims that the life insurance provision was never intended to be a permanent or continuing obligation of Decedent should the parties divorce. The Estate further asserts

---

[1] The court reduced the $500,000 claim by the $6,000 payment made to Ms. Lewis at the time of the failed $397,000 settlement.

that the divorce decree was void and unenforceable because it was inconsistent with due process.

As our Supreme Court has explained, "where the court has general jurisdiction of the subject matter and jurisdiction over the parties, and where the court's decree of divorce is not 'wholly outside of the pleadings,' a divorce decree will not be deemed void." *Gentry v. Gentry*, 924 S.W.2d 678, 681 (Tenn. 1996). Ms. Lewis insists that none of these requirements for a void decree were present in this matter. We agree. The divorce court clearly had jurisdiction over the parties, and the court's decree of divorce was not "wholly outside of the pleadings." Furthermore, the divorce court maintained general jurisdiction over the subject matter, including how to interpret and whether to enforce the parties' antenuptial agreement. Pursuant to Tennessee Code Annotated § 36-3-501 (2014):

> Notwithstanding any other law to the contrary, except as provided in § 36-3-502, any antenuptial or prenuptial agreement entered into by spouses concerning property owned by either spouse before the marriage that is the subject of such agreement shall be binding upon any court having jurisdiction over such spouses and/or such agreement if such agreement is determined, in the discretion of such court, to have been entered into by such spouses freely, knowledgeably and in good faith and without exertion of duress or undue influence upon either spouse. The terms of such agreement shall be enforceable by all remedies available for enforcement of contract terms.

The Estate relies upon the authority of *Baggett v. Baggett*, 541 S.W.2d 407, 409 (Tenn. 1976), wherein the Supreme Court held that a surviving spouse could seek to have an earlier divorce decree declared void when such decree adversely affected the surviving spouse's property interests. As the Supreme Court elucidated:

> The first issue to be resolved is whether or not the plaintiff has a justiciable interest in setting aside the decree of divorce considering the fact that her husband died, thus dissolving the marriage relation, prior to the institution of this suit. The general rule is that an application to vacate a decree of divorce does not lie after the death of a party where the surviving spouse has no property interests which were adversely affected by the divorce decree, since death itself severs the marital relation and the only object to be accomplished by the vacation of the decree would be sentimental. Such is the rule in this State as declared by this Court in *Rose v. Rose*, 176 Tenn. 680, 145 S.W.2d 773 (1940).

> But, when the decree of divorce adversely affects property interests of the surviving spouse, the death of the other spouse does not defeat the right of the surviving spouse or his or her representative to institute vacation proceedings. This is permitted, not for the purpose of continuing the controversy regarding the right to a divorce itself, but to determine whether or not the surviving spouse has been deprived of property interests by reason of the change in his or her marital status brought about by the divorce decree. The action is considered to involve only the property interests. *Rose v. Rose, supra.*

*Baggett*, 541 S.W.2d at 409. We determine *Baggett* to be inapposite to the case at bar. The most obvious distinction is that in this case, it is the Estate and not the surviving spouse that is seeking to have the parties' divorce decree declared void. Furthermore, in *Baggett*, the Supreme Court determined that the divorcing court lacked personal jurisdiction over the wife, who was the surviving spouse, at the time the divorce decree was entered, thus rendering the divorce decree void. *See id.* No such jurisdictional issues with the parties' divorce decree exist in the case at bar. We therefore determine no basis upon which to declare the divorce decree to be void in this matter.

The Estate also argues that the issue regarding the life insurance provision could not have been properly ruled upon by the divorce court because it was not ripe until Decedent's death. Ergo, according to the Estate, the divorce court could not hold that Ms. Lewis would have a claim against Decedent's estate because his estate did not exist until after his death. The Estate cites no authority to support this position. The divorce court based its ruling on the parties' antenuptial agreement, determining that it would be enforced as written, including the life insurance provision that expressly provided that Ms. Lewis would have a claim against Decedent's estate if the life insurance was not in force. The divorce court had the authority to find that the parties' antenuptial agreement should be enforced. *See* Tenn. Code Ann. § 36-3-501. The divorce court's determination that the antenuptial agreement should be enforced as written has now become final. No action for relief from the judgment was ever filed in the divorce court, and the determination regarding enforceability of the antenuptial agreement was not appealed to this Court. *See Forgey-Lewis,* 2011 WL 332710 at \*1.

Ms. Lewis asserts that the doctrine of *res judicata* bars relitigation of the life insurance issue in this action because (1) the underlying judgment was rendered by a court of competent jurisdiction, (2) the same parties or their privies were involved in both suits, (3) the same claim or cause of action was asserted in both suits, and (4) the underlying judgment was final and on the merits. *See Jackson v. Smith*, 387 S.W.3d 486, 491 (Tenn. 2012). We agree with this assertion. As previously explained, the divorce court exercised proper jurisdiction over the parties and the subject matter. Decedent is

now represented by the personal representative of the Estate in this action. The issue regarding enforceability of the antenuptial agreement was addressed both in this cause and in the divorce action. Furthermore, the underlying divorce judgment was final and on the merits. Therefore, the trial court properly determined that the issue of enforceability of the antenuptial agreement had been previously litigated and ruled upon in the parties' divorce action. As such, the trial court properly sustained Ms. Lewis's claim for $500,000 against the Estate.

## V. Exceeding Authority

The Estate also argues that the divorce court's ruling regarding Ms. Lewis's claim against the Estate was solely based on the fact that Decedent violated the statutory injunction by removing Ms. Lewis as a beneficiary on his life insurance policy prior to the divorce trial. Therefore, as the Estate's argument goes, the divorce court's ruling that Ms. Lewis would have a claim against Decedent's estate was merely punishment for contempt, and such punishment exceeded the authority of the court.

We conclude that the divorce court's ruling was actually a determination regarding the enforceability and interpretation of the antenuptial agreement. The divorce court's judgment contains a section entitled "The Parties' Antenuptial Agreement," which states that the parties' rights are governed by the agreement and that the agreement was entered into in good faith, freely and knowledgeably, without duress. The divorce court's decree then states:

> As agreed in paragraph 5.2 (requiring $500,000.00 in life insurance) of their agreement, the defendant had purchased a $1,000,000.00 life insurance policy naming the wife as beneficiary but he had removed her as beneficiary before the trial. If he did so after plaintiff filed for divorce even though paragraph 11 says that generally a party may do so, the court finds such action would be in violation of the legislatively imposed injunction in divorce cases in this state. <u>Under the terms of paragraph 5.2 of the agreement, plaintiff has a claim against the defendant for these life insurance benefits and/or a claim against his estate for $500,000.00. The requirement that plaintiff be afforded beneficiary status shall be enforced by the court.</u>

(Emphasis added.) The decree later reiterates that "the court must enforce the parties' Antenuptial Agreement in all respects and endeavors to do so in this final decree as required by T.C.A. 36-3-501."

7

Based on the divorce court's judgment, we conclude that the court was enforcing the parties' antenuptial agreement as written by recognizing that Ms. Lewis was entitled to life insurance benefits of $500,000. The divorce court was not punishing Decedent for contempt, and no contempt finding was made. Because the divorce court's judgment regarding the antenuptial agreement and its life insurance provision was never appealed and has become final, the trial court properly enforced it by allowing Ms. Lewis to file a claim against the Estate. The trial court would not have been the proper forum for a collateral attack on the validity of the parties' divorce decree in this case. *See Sims v. Adesa Corp.*, 294 S.W.3d 581, 586 (Tenn. Ct. App. 2008) ("It being well settled in Tennessee that a party may not use a court of general jurisdiction to collaterally attack an order of another court.") Any requested relief should have been sought in the divorce court, pursuant to Tennessee Rule of Civil Procedure 60, or in the later appeal to this Court.

## VI. Frivolous Appeal

Ms. Lewis asserts that this is a proper case for an award of attorney's fees on appeal because the appeal is frivolous. As this Court has previously explained:

> Parties should not be forced to bear the cost and vexation of baseless appeals. Accordingly, in 1975, the Tennessee General Assembly enacted Tenn. Code Ann. § 27-1-122 to enable appellate courts to award damages against parties whose appeals are frivolous or are brought solely for the purpose of delay. Determining whether to award these damages is a discretionary decision.

> A frivolous appeal is one that is devoid of merit, or one that has no reasonable chance of succeeding. Thus, an appeal in which the reviewing court's ability to address the issues raised is undermined by the appellant's failure to provide an adequate record is deemed frivolous because it has no reasonable chance of succeeding.

*Young v. Barrow,* 130 S.W.3d 59, 66-67 (Tenn. Ct. App. 2003) (internal citations omitted). We do not find this appeal to be frivolous or completely devoid of merit, and we deny Ms. Lewis's request for attorney's fees on appeal.

## VII. Conclusion

For the foregoing reasons, we affirm the trial court's judgment. We deny Ms. Lewis's request for attorney's fees on appeal. Costs on appeal are taxed against the

8

appellant, the Estate of John Paul Lewis, Sr. This case is remanded to the trial court for further proceedings consistent with this opinion.

_____
THOMAS R. FRIERSON, II, JUDGE